### T. N. HUMASON v. MOSES LOBE & SONS
#### No. 2786.

1. **Res Adjudicata—Case in Judgment.**—January 5, 1889, appellees sued Humason by attachment in District Court of Harris County upon a promissory note and an account. The defendant pleaded and proved that a judgment had been rendered in the District Court of Polk County in favor of the plaintiffs against defendant upon the identical subject matter on December 9, 1887, with stay of sixty days. The plaintiffs, in replication, pleaded that no execution had issued, and that the judgment was dormant. *Held*, that plaintiffs showed no cause of action, and the petition should have been dismissed.

2. **Presumption.**—In absence of testimony the court will not presume that an execution upon a judgment in the District Court was not issued within one year after the rendition of the judgment.

APPEAL from Harris. Tried below before Hon. James Masterson. The opinion states the case.

*James E. Hill,* for appellant.—1. This suit being between the same parties, involving the same subject matter and cause of action of another

suit ripened into a valid subsisting final judgment by a court of competent jurisdiction before this action was brought, appellant's plea of former judgment should have prevailed.    Franklin v. Heidenheimer Bros., 1 Ct. App. C. C., sec. 807; Bledsoe v. White, 42 Texas, 134, 135; Lee v. Kingsbury, 13 Texas, 69; Girardin v. Dean, 49 Texas, 246; Acres v. Tate, 1 Ct. App. C. C., secs. 1212, 1213.

2.   Appellant's plea should have been sustained.   Appellees sued for debt on note and account and not on dormant judgment; and even had they sued on the latter they are not sustained by the evidence.   A party must recover, if at all, upon proof of facts stated by him.   This principle is elementary.   Having alleged a negative, if necessary to make out his case he must prove it.   Rev. Stats., art. 3210; 1 Greenl. on Ev., 14 ed., sec. 78.

The December Term of the Polk County District Court began December 5, 1887, and ended January 7, 1888.   Acts 20th Leg., p. 63; Griffith v. Gary, 31 Texas, 164; Davidson v. Peticolas, 34 Texas, 27, 35.

In the absence of evidence to the contrary, it will be presumed that execution issued within the year.   Laughter v. Seela, 59 Texas, 177; Rev. Stats., art. 2267.

HOBBY, JUDGE.—Lobe & Sons, residents of the city of New Orleans, Louisiana, sued the appellant T. N. Humason in the District Court of Harris County in January, 1889, on a promissory note executed by the latter to the former for $691.25, and also upon a verified account for $34, dated August 15, 1887.   An affidavit for attachment was made by the agent of appellees.   In March, 1889, appellant filed a sworn plea of *res adjudicata*, alleging that there is in the District Court of Polk County a valid judgment between the same parties to this suit, involving the same subject matter and cause of action here in issue.   In reply, appellees pleaded a general denial; and further, that "if the facts stated in said plea are true, no execution had issued on said judgment and it was dormant, and they were entitled to their action for their debt."

The cause was tried by the court.   The attorney who brought this suit testified that "he did not know when this suit was filed that they had a judgment against appellant in the District Court of Polk County; nor did he know that it had any connection with this suit."

The appellant Humason testified that "he never owed appellees but one indebtedness, and it was sued for in the District Court of Polk County September 13, 1887, and embraced the very same indebtedness sued for in this case; that he gave the appellees' agent S. C. Branch, September 10, 1887, the note here sued on, which embraced all he owed appellees, except the account for $34 in this suit; that the suit in the District Court of Polk County was for $725.25, being the entire amount he owed appellees.

The suit in Polk County was for that indebtedness, and this suit is for the very same indebtedness."

The judgment in the District Court of Polk County was rendered on December 9, 1887, with a stay of execution for sixty days. This suit was filed on January 5, 1889.

Upon the foregoing facts the court below found against the defendant's plea, and entered judgment in favor of plaintiffs for $814 and costs, and foreclosing the attachment lien on lots and buildings in Corrigan, Polk County. The defendant appeals, and assigns as error, in effect, the action of the court below in finding against his plea of *res adjudicata,* and in rendering judgment for the plaintiffs.

We think there was error in the judgment entered in the lower court. The proof, we think, established satisfactorily the defendant's plea of *res adjudicata.* The former judgment pleaded in bar was recovered by the plaintiffs against defendant in a court of competent jurisdiction, and upon the same indebtedness as that sued for in this case.

We are not apprised of the grounds upon which the present judgment was rendered against the appellant. If upon the theory that that rendered in the District Court of Polk County was, as alleged by plaintiffs, dormant, because execution had not issued thereon within twelve months from its rendition, it is not supported by the evidence. There was no proof to that effect made by plaintiffs, and in the absence of such proof that fact will not be presumed. Laughter v. Seela, 59 Texas, 179.

We think the judgment should be reversed and the cause dismissed.

*Reversed and dismissed.*

Adopted March 18, 1890.