## BUNN V. KINGSBURY COUNTY.

The act of the territorial legislature (chapter 10, Laws 1887), creating the office of county auditor, provided that his salary should be "regulated by the value of the property in their respective counties, as fixed by the territorial board of equalization for the preceding year." Section 1588, Comp. Laws, existing prior to and when said chapter 10 was passed, constituted certain territorial officers a territorial board of equalization, and provided that such equalization should be made by "varying the rate of taxation in the different counties, according as such board found the valuation of property, as returned by such counties, too high or too low. *Held,* that, as the duty of varying the rate of taxation in the different counties could only be properly discharged by first determining the value of the property in the different counties, and must necessarily depend upon such valuation, such action of the territorial board constituted the fixing of the value of the property in the various counties within the meaning of said chapter 10, and was consequently the measure by which the county auditor's salary was to be regulated.

(Syllabus by the Court. Opinion filed June 2, 1892.)

Appeal from circuit court, Kingsbury county. Hon. J. O. AN-DREWS, Judge.

Action for balance of unpaid salary. Judgment for plaintiff. Defendant appeals. Affirmed.

The facts are stated in the opinion.

*James F. Watson,* for appellant.

*A. P. Schenian* and *B. A. Dunlap,* for respondent.

KELLAM, P. J. The respondent, as auditor of Kingsbury county, having first presented the claim to the board of commissioners, by whom it was rejected, brought this action against appellant county to recover a balance claimed by him as unpaid salary as such auditor. The issue was upon the correct basis upon which such salary should be determined. Section 14, c. 10, Laws 1887, creating the office, provided that "the salary of the county auditor shall be regulated by the value of the property in their respective counties, as fixed by the territorial board of equalization for the preceding year," etc. After issue joined, it was stipulated by the parties that the following question should be submitted to the court: "How was the value of properties in counties in Dakota territory fixed by the territorial board of equaliza-

tion in the years 1886, 1887 and 1888, upon which the salary of county auditor was regulated?" And it was further stipulated that, "if the court should decide that the varying of the rate of taxation either increased or decreased the value of property, as the case may be, then the appellant herein is to have judgment for the amount prayed for in the complaint; but, if the court should decide that such varying does not increase or decrease the value of property for the purposes herein mentioned, the complaint of appellant herein is to be dismissed, with costs, subject, however, to appeal to the supreme court in all cases." The court found that while the valuation of the property in any county was not actually changed by the territorial board, yet the rate of taxation in any county was made greater or less, according as the board found the valuation of the property in such county too high or too low, and upon such finding gave judgment for the plaintiff, the respondent herein. From this judgment the county appeals.

While, critically analyzed, the precise effect of the stipulation might be a little indistinct, we shall consider it as the parties evidently meant it. By section 1588, Comp. Laws, certain territorial officers were constituted a "territorial board of equalization," whose duty it was "to examine the various county assessments, and decide upon the rate of territorial tax to be levied for the coming year, * * * and to equalize the levy of such taxes throughout the territory;" but it is further provided "that such equalization shall be made by varying the rate of taxation on the different counties in case the said board of equalization are satisfied that the scale of valuation had not been adjusted with reasonable uniformity by the different assessors." Thus it was specially committed to this board to decide whether the valuation of the property in any county was higher or lower than it should be. If too high, the rate of taxation was made correspondingly low; if too low, it was made correspondingly high. It was only in this indirect way that this board necessarily made any record of its judgment as to the valuation of the property in any county, and so appellant contends that the board did not "fix" the valuation at any amount different from what was already fixed and returned by the counties, and that, consequently, such valuation so returned

should "regulate" the salary of the auditor. What, then, did the legislature mean by making the valuation, "as fixed by the territorial board," the rule by which the salary was to be regulated? It very well knew just what this board could or might do, and it was certainly to this action of the board that this provision referred. If the appellant's contention in this respect is correct, the auditor would be entitled to no salary at all under the section referred to, for if the territorial board did not, under the law, fix such valuation, then there was no basis upon which or rule by which to regulate the auditor's salary. But it is plain that the valuation must have been "fixed" by the board before it could determine the rate of taxation in any county. To fix is to determine, to settle. Until the board had determined or settled upon the proper valuation of the property in any county, how could it decide what rate of taxation should be imposed? The territorial board did not change the figures on the returns from the counties, but it did determine, whether or not they were right and fair, and if, in its judgment, they were not so, it proceeded to determine what was a right and fair valuation. Without such precedent determining or fixing the valuation in every county, the board could not decide upon a rate of taxation that would be uniform and fair. It is this fixing of the value of the property in the different counties that is referred to in said section 14, and by which the salary of the county auditor is to be regulated. Any other construction would render entirely meaningless the reference to the value "as fixed by the territorial board of equalization." The valuation of the property in appellant's county depended upon and was controlled by such determination. The parties stipulated as to the amount respondent should recover, if entitled to recover at all, and that judgment should follow the decision upon that question. We think the law was correctly construed by the trial court, and the judgment is affirmed. All the judges concurring.