## A. F. Boyd et al. v. H. C. Ghent.

Application No. 3130.   Decided November 7, 1901.

**1.—Judgment—Lien—Limitation—Pleading.**

One asserting a judgment lien must show a lien existing when he brought suit. It is not necessary that his adversary plead limitation in order to avail himself of the fact that the lien was lost by the expiration of ten years from its record and indexing. (P. 47.)

**2.—Same—Judgment—Presumption—Amendment.**

In support of a finding by the trial court in favor of the validity of a judgment lien, lost by lapse of time when the amended pleading on which judgment proceeded was filed, it will be presumed that the lien was asserted in the original pleading, filed before such lien expired, and continued in the various amendments up to the trial. (Pp. 46-48.)

Application for writ of error to the Court of Civil Appeals, Third District, in an appeal from Bell County.

Ghent sued Boyd and wife in trespass to try title, and had judgment establishing a lien against the property. Boyd and wife appealed, and on affirmance applied for a writ of error.

*A. M. Monteith,* for petitioner.

*John B. Durrett* and *Winbourn Pearce* were for defendant in error in the appellate court.

GAINES, Chief Justice.—This suit was brought by H. C. Ghent against Mrs. A. F. Boyd, with whom her husband was joined pro forma. The case was tried upon what is styled a third amended original petition, filed July 28, 1900, in which the plaintiff, after alleging the facts, prayed for a recovery of a certain lot in the city of Belton, and in the alternative, in case he was not entitled to such a recovery, for the foreclosure of a judgment lien upon the property. It appears from the evidence that the defendant Mrs. Boyd was formerly the wife of one Trigg, and that while that relation subsisted, to wit, on the 18th day of December, 1888, the plaintiff obtained a judgment against Trigg upon a community debt of that marital union. At the time the judgment was rendered a suit for divorce between Trigg and wife was pending, and on the next day thereafter a decree dissolving the bonds of matrimony and settling the property rights of the parties was entered. In

that decree the lot in controversy was adjudged to be the community property of Trigg and wife, and all the property so adjudged was decreed to be subject to a lien in favor of Mrs. Trigg for costs paid by her in the suit, and for a claim in her favor for an excess of community property appropriated by Trigg, and for the payment of these claims the lot was ordered to be sold. An order of sale was issued and under it the property was sold, and Mrs. Trigg, now Mrs. Boyd, became the purchaser.

An abstract of Ghent's judgment was recorded in the office of the county clerk of the county on the day it was rendered, and on the same day an execution issued upon the judgment which was returned "no property found." Ghent caused an alias to issue upon his judgment, and at a sale made thereunder became the purchaser of the property in controversy. In 1894 Ghent filed his original petition in this cause, which was an action in trespass to try title to the lot in controversy.

Upon the trial in this case the court instructed the jury to find a verdict in favor of the defendant Mrs. Boyd for the lot in controversy, and also to find for the plaintiff for the lien as claimed by him. There was a verdict in accordance with the instructions and a judgment thereon.

One contention on part of the defendant was that more than ten years had elapsed since the filing of the abstract of the plaintiff's judgment against Trigg before the trial of the cause and before the filing of the petition asserting the lien, and that therefore the lien was lost. The Court of Civil Appeals held that for the reason that the defendant did not plead the statute of limitations she could not assert this defense. We are not prepared to concur in this conclusion. The statute which gives the lien reads as follows:

"When a lien has been acquired as provided in this chapter it shall continue for ten years from the date of such record and index, unless the plaintiff shall fail to have execution issued upon his judgment within twelve months after the rendition thereof, in which case said lien shall cease to exist." Rev. Stats., art. 3290.

It seems to us that since this article fixes the period during which the lien shall continue, a party who asserts it in an action must show that it has not ceased to exist at the time he brings his suit. Otherwise he shows no existing lien. It is not a statute which limits the period in which an action shall be brought, and therefore we are inclined to the opinion that it is not necessary for a defendant who resists such lien to plead the statute specially. But we think that it does not appear from the record in this case that the lien was lost. We do not know upon what grounds the trial judge instructed a verdict in favor of the lien in this case. Where for any reason it becomes necessary for a party holding a lien acquired by filing an abstract of a judgment upon real estate to bring suit for its enforcement, we think he preserves his lien by filing his suit within the ten years, and that the subsequent lapse of time before the trial will not defeat his action. The plaintiff's aban-

doned pleadings in this cause, with the exception of the original petition, do not appear in the transcript. He alleged in his last amended petition that it is filed "in lieu of his second amended original petition filed on the 9th day of January, 1899, and of his original petition filed December 4, 1894," which leaves room for the inference that there was a first amended original petition filed previous to the 9th day of January, 1899. The question is, was the lien asserted in this action within ten years from the filing of the abstract of the judgment? We must indulge every presumption in favor of the correctness of the ruling of the trial judge consistent with the record. He had all the pleadings before him, including those which had been abandoned, and it was his duty to look to them without their being offered in evidence. If he saw that the lien had been asserted in an amended petition before it had expired and that it was continuously asserted in all subsequent amendments, it was his duty to hold that the lien was still subsisting at the time of the trial for the purposes of the suit. The record not showing the contrary, we must hold that there was a first amended original petition filed by the plaintiff in which he alleged the lien and asked the foreclosure thereof, and that it was filed before the expiration of ten years from the time at which the lien was originally fixed; and that this cause of action was again asserted in the second amended original petition.

Therefore, while we are not prepared to concur in the reasoning of the Court of Civil Appeals, we think their judgment is correct.

We find no error in the other assignments found in the petition for the writ of error and therefore the application is refused.

*Writ of error refused.*