SPAULDING MFG. CO. v. BLANKENSHIP et al. (No. 8483.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 20, 1917.)

1. JUDGMENT ⏍768(1)—ABSTRACT OF—REQUISITES—STATUTE.

Vernon's Sayles' Ann. Civ. St. 1914, art. 5612, providing what an abstract of judgment shall show, does not require an affirmative showing that original execution was issued within 12 months after judgment, in order to constitute notice.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1325; Dec. Dig. ⏍768(1).]

2. JUDGMENT ⏍801—FORECLOSURE OF LIEN —BURDEN OF PROOF.

In suit to foreclose a judgment lien, where dormancy of judgment was pleaded because execution was not issued within 12 months as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 5617, the plaintiff had the burden of proving the vitality of his judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1387, 1575; Dec. Dig. ⏍801.]

3. JUDGMENT ⏍801—FORECLOSURE OF LIEN —SUFFICIENCY OF EVIDENCE.

The burden of proving the vitality of the judgment which plaintiff sought to foreclose was not met by the introduction of the alias execution reciting that the original was issued within 12 months after judgment as required by Vernon's Sayles' Ann. Civ. St. 1914, art. 5617,

where no reason was given for not producing the original.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1387, 1575; Dec. Dig. ⏍801.]

4. JUDGMENT ⏍801—FORECLOSURE OF LIEN —ADMISSIBILITY OF JUSTICE DOCKET.

Where, in a suit to foreclose a judgment lien, no reason was assigned for not producing the original execution claimed to have been issued within the statutory time, the entries on the justice court docket were not admissible to establish the fact.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 1387, 1575; Dec. Dig. ⏍801.]

Appeal from District Court; Erath County; W. J. Oxford, Judge.

Suit to foreclose judgment lien by the Spaulding Manufacturing Company against G. C. Blankenship and another. Judgment for defendants, and plaintiff appeals. Judgment reversed, and cause remanded. On rehearing. Former opinion withdrawn, and judgment affirmed.

W. W. Moores, of Stephenville, for appellant. J. T. Daniel, of Stephenville, for appellees.

BUCK, J. On original hearing of this case the judgment of the trial court was reversed, and the cause remanded. Upon a further consideration, and in light of additional authorities cited by appellee, we have reached a conclusion contrary to that expressed in the original opinion. Hence such original opinion is hereby withdrawn, and the judgment of reversal set aside.

Suit was brought by the appellant, Spaulding Manufacturing Company, against G. C. Blankenship and J. P. Syler, in the district court of Erath county, seeking to foreclose a judgment lien against certain lands in Erath county alleged to have been owned by the defendant Blankenship at the time of, or subsequent to, the filing of an abstract of judgment in Erath county, which judgment, in the sum of $140.75 and costs, was obtained May 31, 1909, in the justice court of Tarrant county, and the abstract of judgment was filed in the office of the county clerk of Erath county, May 6, 1912. At said time Blankenship owned a one-tenth undivided interest in 200 acres of land located in Erath county, and on July 18, 1914, he conveyed said land to defendant J. P. Syler.

In the instant suit Syler pleaded the dormancy of said judgment, alleging that no execution had been issued thereon with 12 months after its rendition, and that as to him the abstract of judgment was void and constituted no notice. The trial court rendered judgment for defendants, and the plaintiff appeals.

Plaintiff offered in evidence a certified copy of the judgment rendered in the justice court of Tarrant county, styled Spaulding Manufacturing Company v. G. C. Blankenship; also the abstract of judgment duly re-

corded and indexed in the Book of Judgment Abstracts of Erath County, May 6, 1912; also an alias execution issued out of the justice court of Tarrant county, dated October 1, 1912, containing the recitation that an execution on said judgment was issued to Tarrant county, Tex., on June 11, 1909, and was returned nulla bona. The court held that there was an absence of showing that the original execution had been issued within the required 12 months from date of judgment, and that, for aught that appeared from the evidence in the. case, said judgment was dormant at the time of the filing of the abstract of judgment in Erath county, and that the alias execution containing the recitation that the original execution had been issued was not the best evidence of that fact, and that the burden of proof was on plaintiff to show that the justice court judgment was a valid and subsisting judgment, and not dormant.

[1] Article 5612, Vernon's Sayles' Texas Civil Statutes, provides what an abstract of judgment shall show, and it does not require, in order to constitute notice, that such abstract of judgment shall affirmatively show that original execution was issued within 12 months from date of judgment. Article 5613, Id., makes it the duty of each justice of the peace to make out and deliver an abstract of any judgment rendered in his court in the manner provided in the two preceding articles. Article 2384, Id., provides that on the eleventh day after the rendition of any final judgment, if the case has not been appealed and no stay of execution has been granted, the justice of the peace shall issue an execution for the enforcement of such judgment, etc.

While it has been held in Laughter v. Seela, 59 Tex. 177, that, in the absence of any showing to the contrary, it should be presumed that the justice of the peace obeyed the requirements of the law as to the issuance of the original execution, and in Humason v. Lobe & Son, 76 Tex. 512, 13 S. W. 382, our Supreme Court held that the court will not presume that an execution upon a judgment was not issued within one year after the rendition of the judgment, and in Gould v. West, 32 Tex. 338, 351, it is said, "Every presumption is to be indulged in favor of the correctness of the action of the agents of the government; otherwise there would be great insecurity in all rights of property," and, as stated in Jenkins v. Chambers, 9 Tex. 167, Olcott v. Gabert, 86 Tex. 121, 23 S. W. 985, and M., K. & T. Ry. Co. v. Shannon, 100 Tex. 379, 381, 100 S. W. 138, 10 L. R. A. (N. S.) 681, the presumption is that public officers do as the law and their duty require them, and, as held in Shepard v. Avery, 89 Tex. 301, 306, 34 S. W. 440, all official acts of public officers are presumed to have been done at the time and in the manner required by law, yet, in spite of these authorities, and others that might be cited in support of our original conclusions, we have finally decided that the Supreme Court in Boyd v. Ghent, 95 Tex. 46, 64 S. W. 929, has announced the holding in support of the judgment of the trial court in this case. In the cited case, after quoting article 3290, Revised Statutes, now article 5617, Vernon's Sayles' Texas Civil Statutes, Judge Gaines says:

"It seems to us that, since this article fixes the period during which the lien shall continue, a party who asserts it in an action must show that it has not ceased to exist at the time he brings his suit. Otherwise he shows no existing lien. It is not a statute which limits the period in which an action shall be brought, and therefore we are inclined to the opinion that it is not necessary for a defendant who resists such lien to plead the statute specially."

This holding is followed in Schneider v. Dorsey, 96 Tex. 544, 74 S. W. 527; also by the Court of Civil Appeals for the Sixth District in Bourn v. Robinson, 49 Tex. Civ. App. 157, 107 S. W. 873. In the last-cited case Judge Hodges, speaking for the court, says:

"It has been decided by our Supreme Court that in order to establish the existence of the lien the burden is upon the plaintiff to prove that an execution has been issued upon his judgment within 12 months after its rendition"—citing the two cases from the Supreme Court above mentioned.

[2, 3] Therefore we hold that the burden of proof was on plaintiff to establish the vitality of its judgment, and that that burden was not met by the introduction of the alias execution reciting the issuance of the original execution within 12 months from the date of the judgment. There was no sufficient reason shown for the nonproduction of the original execution.

[4] Hence the entries on the justice court docket would not be admissible to establish the fact of the issuance of such original execution. In its amended motion for a new trial plaintiff offered a certified copy of such entries on the justice court docket, but even in said motion plaintiff failed to attach the original execution, or to properly account for its nonproduction.

Hence we conclude that the court did not err in refusing to grant appellant a new trial, and the judgment of this court heretofore rendered is set aside, and the judgment of the trial court is in all things affirmed.

Affirmed.