### JACKSON v. WALLACE et al.
### (No. 448–3832.)

(Commission of Appeals of Texas, Section A. June 20, 1923.)

**1. Trial ⊚╾2—Trial on petition for bill of review instead of on one for injunction held not error.**

Where plaintiffs had filed a petition for injunction against sale of land, under an order of sale to foreclose a judgment lien, and subsequently filed a petition for a bill to review the judgment, and the petition for injunction was considered by the parties in their subsequent pleadings and at the trial as merely ancillary to the bill of review, it was not error for the trial court to go to trial on the petition for bill of review, instead of requiring plaintiffs to proceed on their petition for injunction, where the petition for bill of review was a proper pleading under Rev. St. art. 2027, and was timely filed.

**2. Judgment ⊚╾461(1) — Court presumed to have acquired jurisdiction over defendants before rendering judgment.**

Where there was no evidence to sustain the contention that citation was never issued on the petition on which the judgment was rendered, it will be presumed that the court, before rendering the judgment, had acquired jurisdiction of the person of defendant by service of citation.

**3. Death ⊚╾3 — Wide latitude permitted in proving death.**

The fact of death of one who had not been heard of for years can be proved by circumstances, and wide latitude is allowed the admission of testimony to prove such an issue.

**4. Judgment ⊚╾452—Heirs can have reviewed judgment rendered against ancestor after his death.**

Heirs have a right to file a bill of review to set aside a judgment rendered against their ancestor after his death.

**5. Evidence ⊚╾147—Execution docket and fee books are admissible to show execution was never issued.**

The execution dockets and fee books used by the clerks of the court, by which a judgment

was rendered for several years, after the rendition of the judgment, are admissible to show, by the absence of notations therein, that no execution had been issued on the judgment.

**6. Appeal and error ⊚╾1050(1)—Testimony of district court clerk as to manner records were kept held not prejudicial.**

Even if it was not proper to permit the deputy district clerk of a court, who had held that position for several years, to testify to the manner in which the records of the court were usually kept, the admission of such testimony was not prejudicial in an action to review a judgment for foreclosure of a prior judgment lien.

**7. Judgment ⊚╾795(1)—Becomes dormant if no execution is issued within three years.**

Where no execution had been issued on a judgment, it had become dormant, and no lien could be acquired by filing an abstract of the judgment three years after it was rendered.

**8. Judgment ⊚╾795(1)—Suit to foreclose lien 13 years after abstract was filed is too late.**

Even if a lien had been created by filing the abstract of a judgment, it would have ceased to exist before suit to foreclose it, which was not filed until nearly 13 years thereafter.

Error to Court of Civil Appeals of Fifth Supreme Judicial District.

Suit by J. E. Wallace and others against J. T. Jackson and others. Judgment for plaintiffs was affirmed by the Court of Civil Appeals (239 S. W. 698), and the named defendant brings error. Affirmed.

W. W. Ballew, of Corsicana, for plaintiff in error.

Jack & Jack and Callicutt & Johnson, all of Corsicana, for defendants in error.

GERMAN, J. The facts of this case are briefly as follows: On March 6, 1894, J. T. Jackson recovered a judgment in the district court of Navarro county, Tex., against J. C. Wallace, in the sum of $1,288. On March 8, 1897, he filed an abstract of this judgment in the county clerk's office of Navarro county. February 24, 1910, Jackson filed another suit in the district court of Navarro county to foreclose a judgment lien, alleged to have been created by the filing of the abstract of the former judgment. This last suit was styled J. T. Jackson v. J. C. Wallace, No. 7700. Citation was by publication; the affidavit to the petition showing that Wallace could not be found, and that his residence was unknown. Judgment was entered in this cause March 24, 1911, foreclosing the alleged judgment lien upon the tract of land involved in this proceeding. Order of sale was issued, and the land advertised for sale.

On June 5, 1911, J. E. Wallace and others, who were admitted to be the only children of J. C. Wallace and his sole heirs (if he was

dead), filed petition in the district court of Navarro county, seeking an injunction to restrain the sale of the land under the order of sale, and temporary injunction was granted. This proceeding was styled J. E. Wallace et al. v. J. T. Jackson et al., No. 8041. These same parties, on June 26, 1911, filed their original petition in the nature of a bill of review in cause No. 7700—J. T. Jackson v. J. C. Wallace.

The record is silent as to what action was taken in the case, if any, during the next several years. The transcript contains the third supplemental petition of plaintiffs (that is, J. M. Wallace and others), filed October 14, 1920, but the first and second supplemental petitions are not shown. The transcript also shows the amended answer of defendant, Jackson, filed October 25, 1918, and his first and second supplemental answers. These are all numbered 8041. Plaintiffs went to trial on the original petition filed June 26, 1911, numbered 7700, and their third supplemental petition filed October 14, 1920, and numbered 8041.

The material allegations of the original petition for injunction and the original petition in the nature of a bill of review, in so far as they attack the validity of the judgment of March 24, 1911, are the same. A careful reading of the various answers of defendant leaves it doubtful whether they were filed in response to the petition for injunction or in response to the bill of review. In any event, it clearly appears that the trial court treated the two proceedings, in so far as all the material issues were concerned, as a consolidated cause. In addition to a voluminous answer, defendant set up a cross-action, seeking to recover as against the plaintiffs, in the event the judgment of March 24, 1911, should be set aside.

Among other things, the judgment recites:

"On this the 14th day of October, A. D. 1920, this cause [being numbered 8041] coming on to be heard upon the demurrers and special exceptions presented by the defendants to the plaintiffs' pleadings. The court, after hearing the same, finds the law against the defendants and overrules all of said demurrers and exceptions, to which ruling the defendants except.

"And on the same day the cause coming on for trial upon its merits come the plaintiffs in person as well as by their attorneys, and come the defendants in person as well as by their attorneys, * * * and the cause is tried upon the several issues in controversy between the plaintiffs and the defendants."

The case was submitted on special issues, all of which were answered favorable to plaintiffs, and judgment was entered vacating and annulling the judgment of March 24, 1911, denying defendant anything on his cross-action, and making perpetual the injunction issued in June, 1911. The Court of Civil Appeals at Dallas, in a very able opinion by Judge Hamilton, affirmed the judgment of the trial court. 239 S. W. 698.

[1, 2] Plaintiff in error Jackson (who has been heretofore designated defendant) vigorously assails the action of the trial court in permitting defendants in error (who have been designated plaintiffs) to go to trial on the original petition for bill of review filed June 26, 1911, instead of requiring them to adopt the pleadings in the injunction proceeding; his objection being that the two causes were separate and distinct, and that no citation had ever been issued on the petition filed June 26, 1911. As before stated, it appears that the trial court and the parties regarded the injunction proceeding as ancillary or incidental to the main proceeding, or everything as one proceeding. The trial court was justified in regarding the answers of plaintiff in error as answers to the matters presented by the bill of review. They fully presented defenses to every material issue raised by the petition. Plaintiff in error made no showing whatever of being misled or surprised by such pleading. Under article 2027 the petition was a proper pleading and was timely filed. Nor was any evidence offered to sustain the contention that citation was never issued on this petition. As in substance stated by the Supreme Court in Woolley v. Sullivan, 92 Tex. 38, 46 S. W. 629:

"The presumption is that the court before rendering the [judgment] ascertained that it had acquired jurisdiction of her person [of defendant] by service of citation."

See, also, Water & Light Co. v. Light, Ice & Water Co. (Tex. Civ. App.) 150 S. W. 261. This assignment of error is not well taken.

[3] In response to special issues, the jury found that John C. Wallace was dead February 24, 1910, the date suit No. 7700 was instituted. There is ample evidence to sustain this finding of the jury. The fact of his death could be proved by circumstances, and wide latitude is allowed in the admission of testimony to prove such an issue. The testimony complained of in this respect was clearly admissible. Primm v. Stewart, 7 Tex. 178; Sovereign Camp, W. O. W., v. Piper (Tex. Civ. App.) 222 S. W. 649, and authorities there cited.

[4] The jury having found that J. C. Wallace was dead on February 24, 1910, defendants in error, who are his heirs, had a right to file the bill of review, and this would authorize the setting aside of the judgment of March 24, 1911.

[5, 6] The jury also found that no execution was ever issued on the judgment of March 6, 1894, and there is evidence to sustain this finding. However, in this connection plaintiff in error objected to the introduction in evidence of the execution dockets and the fee books used by the clerks of the court for several years after March, 1894.

They were certainly admissible, and the absence of any notations on these books showing issuance or return of execution was a circumstance tending to show that none was ever issued. It was also proper, we think, for the deputy district clerk, who had held that position since November, 1905, to testify to the manner in which the records were usually kept. In any event we are unable to see how such testimony would be prejudicial.

[7, 8] No execution having issued on the judgment of March 6, 1894, it was dormant, and no lien could be acquired by filing an abstract of the judgment in 1897. Schneider v. Dorsey, 96 Tex. 544, 74 S. W. 526. The suit to foreclose the alleged judgment lien was not filed until nearly 13 years after the filing of the abstract of judgment. If a lien had been created, it would have ceased to exist before suit was filed. Boyd v. Ghent, 95 Tex. 46, 64 S. W. 929.

As this disposes of every material question presented in the petition for writ of error, we recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.