## EISMINGER v. MITCHELL.

No. 27725.   Nov. 23, 1937.

Robert Burns, for plaintiff in error.

Frank Eagin, for defendant in error.

GIBSON, J. This 'action was commenced in the common pleas court of Oklahoma county. Plaintiff (plaintiff in error here) sued on open account. Among other defenses, defendant pleaded that there was another action pending in a justice of the peace court of Oklahoma county involving the same parties 'and the same issues, except as to amount. The identity of the causes of action in the justice court and the common pleas court is admitted. After hearing all of the evidence, including the evidence on this special issue, and without passing upon the

merits of the controversy, the common pleas court found this plea in abatement good and dismissed the action. From this judgment of dismissal, this appeal was taken.

The plaintiff filed a motion or application to dismiss the case in the justice court, two days after the case had been submitted, but before the case had been decided by the justice. Parol evidence was introduced to attempt to show that the judge in fact entered a judgment or order of dismissal, although no entry to that effect was made by him on his docket and no record or documentary evidence to that effect could be found in his office. The defendant's plea for dismissal was founded upon two reasons: That the action could not be dismissed on plaintiff's motion after submission of the case to the justice, and that the justice did not in fact dismiss the action. The court found for the defendant on all the reasons assigned and sustained the motion or plea to abate. Such other facts as may be necessary for decision will be hereafter stated.

A motion to dismiss the appeal has been filed in which it is argued that the appeal should be dismissed for the reason that the plaintiff has been sentenced to life imprisonment for the crime of murder, therefore, is "civilly dead" and because of such status is prohibited from prosecuting this appeal. In view of the result reached, we do not deem it necessary to decide this point.

It is further urged by defendant in error that the justice had no jurisdiction to dismiss the action after the cause had been finally submitted to him; that under section 984, O. S. 1931, the right to dismiss without prejudice exists only **before** the action is finally submitted. In Bilyeu v. Pilcher, 16 Okla. 228, 83 P. 546, this court held that, where a justice of the peace had sustained such a motion, even after verdict and before judgment thereon, the plaintiff was not barred from maintaining his subsequent action, for the judgment of dismissal was conclusive, if not appealed from, and its correctness could not be inquired into collaterally. In that case it is said:

"As disclosed by the docket of the justice of the peace, the defendant in error dismissed the cause without prejudice and at his costs, and the justice rendered a judgment against him for costs. There was no objection or exception to this proceeding, and no appeal was taken from that judgment. The judgment speaks for itself, and by its express terms permitted the defendant in error to dismiss the case without prejudice to a future action. And, whether the action of the justice in permitting the defendant in error to dismiss his action without out prejudice was error or not, he was permitted to do so, and that judgment was final. The authorities cited by counsel for plaintiff in error, wherein it is held that it was error to permit the plaintiff to dismiss his action without prejudice after the final submission of the cause to the jury or court, are not in point here. That case was dismissed by the justice on the application of the plaintiff without prejudice to a future action. And we are not now inquiring as to the correctness of the ruling of the justice in that case."

So far as the court's decision rested on this ground, it was erroneous.

This brings us, therefore, to the sole remaining question in the case: Was there competent evidence in the record to show that the justice of the peace dismissed the former case without prejudice? It is undisputed that a motion or application for such dismissal was delivered and filed by the justice. It is not contended that this motion in itself dismissed the action. Plaintiff in error states:

"* * * We did not contend at the trial court, nor do we contend here, that the plaintiff in error here, as plaintiff in the justice of the peace court action, was entitled, as a matter of strict legal right, to a dismissal of his action there, without prejudice, after it had been finally submitted to said justice of the peace, and before judgment had been rendered, but that it was his privilege to file his request or motion, for a dismissal of his action without prejudice, and that it was within the sound and just discretion of said justice of the peace to grant, or deny, the same."

In considering a plea in abatement, where it is shown that an action on the same cause has been previously brought, "it will be considered as pending until the right of the first court invoked to hear and determine the particular cause has been finally adjudged." Myers v. Garland, 122 Okla. 157, 252 P. 1090, 1092. In the case of Oklahoma Press Publishing Co. v Gulager, 168 Okla. 245, 32 P. (2d) 723, this court sustained a plea of abatement when defendant proved that a similar suit had been filed and that various proceedings were had therein, with the last entry shown as an order striking the case from the trial docket. The defendant was not required to prove more. The court said: "No showing was made that it has ever been dismissed."

In the case at bar an attempt was made to show the case had been dismissed. An attorney for the plaintiff in error testified he had searched the files of the justice of the

peace and had found no order or judgment of dismissal. Another attorney for plaintiff in error (plaintiff below) testified he had prepared a written motion or application to dismiss, but no formal order for the court to sign was prepared; that he gave this motion to the plaintiff together with a copy thereof; that this motion or application asked that the case be dismissed without prejudice at plaintiff's cost. The plaintiff testified that he took the written application to the office of the justice of the peace and got him to sign it. The justice of the peace testified that he had tried the case and that on July 23, 1935, he took the case under advisement; that two days thereafter a dismissal was filed by the plaintiff. On cross-examination by plaintiff's attorney the justice was asked if the plaintiff did not bring a written motion or application for permission to dismiss without prejudice, and if the justice didn't sign a written order of dismissal. The answer was: "Well, I wouldn't say that he did, or I wouldn't say he didn't. Mr. Eisminger himself came up there and gave me a paper, and I understood the case was dismissed, 'and I signed, I suppose I did."

Although the plaintiff testified that the judge signed an order of dismissal, it is clear from his testimony and from the testimony of his attorney and the justice that only one paper was presented to the justice, which was the paper prepared by the attorney. The attorney's statement that this one paper was merely a motion or application to dismiss and was not an order, the plaintiff's testimony that he took this identical paper to the justice, and the justice's statement that he received a paper from the plaintiff, precludes the idea that a written order of any kind was prepared by anyone and sufficiently prove that the only paper presented to the justice of the peace was the motion or application to dismiss. The plaintiff's testimony that the justice signed this 'application or motion does not prove an order of dismissal. The act was not inconsistent with a signing of his name as an indication of the filing of the motion, which is not denied. The justice's statement that he supposed he signed, without saying what he signed, proves nothing. He may have done no more than sign his name on the motion to dismiss, as plaintiff testified. The justice's testimony is not positive. The record is silent as to payment of costs.

Section 984, O. S. 1931, provides that a "judgment" dismissing the action without prejudice may be "entered." Section 848, O. S. 1931, provides every justice must keep a docket, upon which, among other things, "must be entered" the judgment of the justice. Section 986 provides for the entering of a judgment after trial. It is not necessary here to decide whether such judgments should be in any particular form, or whether entry nunc pro tunc can be made of a judgment actually rendered but not entered. It is sufficient here to say that the failure of the record to show entry of judgment is evidence that no judgment was entered on the motion to dismiss. Ordinarily, "a judgment must be reduced to writing, and cannot exist in the memory of the officers of the court." Ex parte Von Vetsera (Cal. App.) 93 P. 1036, citing cases. If 'a judgment had actually been entered, defendant would have the right to appeal therefrom. Bilyeu v. Pilcher, supra. But in the state of the record as it was at the trial below, if such an appeal had been taken, the plaintiff on appeal could have demanded proof that the judgment had been entered, and possibly secured a dismissal of the appeal because of the failure of the record to show such final judgment. What would be proof of nonentry of judgment in one case would be proof in the other.

The trial court was called upon to decide whether the evidence produced was of such a positive character as to overcome the evidence of the circumstances of the nonappearance of any order of dismissal or of any entry of judgment of dismissal on the court's docket which, because of the statute and general rule, should contain such an entry if judgment had been entered.

The nonexistence of entries in books in which they should appear if the transaction in question occurred affords some evidence that the transaction did not happen and presents a question of fact. Union School Furniture Co. v. Mason (S. D.) 52 N. W. 671; Knapp v. Day (Colo. App.) 34 P. 1008; Griffin v. Wise (Ga.) 41 S. E. 1003; Woodward v. Chicago, M. & St. P. Ry. Co. (8th C. C. A.) 145 Fed. 577. The foregoing cases do not involve court records, but do involve cases where records were required to be kept, such as postal records and registry of tax lists. They with many others that could be cited illustrate the rule.

In the case of Jackson v. Wallace (Tex. Com. App.) 252 S. W. 745, over objection made that the execution docket and fee book of a court clerk were inadmissible to show the nonissuance of an execution, the court said:

"The absence of any notations on these

books showing issuance or return of execution was a circumstance tending to show none was ever issued."

This court has held that a jury may accept circumstantial evidence upon one side and reject positive testimony presented on the same point by the other side. Reed v. Scott, 50 Okla. 757, 151 P. 484. And the finding of a trial court on a disputed question of fact has the same weight as the verdict of a jury. The Maccabees v. Johnson, 79 Okla. 77, 185 P. 82.

Nowhere did the justice testify that he actually dismissed the action; the purport of his testimony is that he supposed he signed the paper the plaintiff brought him. The plaintiff's testimony that the judge signed an order of dismissal is at variance with the other testimony that no order of dismissal was prepared and that the paper the plaintiff had was only a motion. The court was not compelled to believe this testimony proved the entry of a judgment of dismissal.

"If circumstances or physical facts contradict the otherwise undisputed testimony, the reasonable inferences arising from said physical facts or other circumstances nevertheless constitute evidence themselves, and may be of sufficient weight and importance to override or outweigh the undisputed oral testimony." Wise v. Wise, 175 Okla. 310, 52 P. (2d) 715.

The trial court found that the evidence to prove that a judgment of dismissal was entered was not positive enough to overcome the evidence arising from the inferences from other evidence and circumstances, and may have concluded that the so-called undisputed evidence of the plaintiff was inherently improbable. We cannot say the court erred in sustaining the plea on the ground there was not sufficient evidence to show dismissal of the prior action.

The judgment is affirmed.

OSBORN, C. J., and RILEY, PHELPS, and DAVISON, JJ., concur.