**NICHOLS et al. v. CANSLER et al.**
No. 14074.

Court of Civil Appeals of Texas.
Fort Worth.
April 19, 1940.

Rehearing Denied May 17, 1940.

Cantey, Hanger, McMahon, McKnight & Johnson and Carlisle Cravens, all of Fort Worth, for appellants.

Sol Gordon and A. W. Christian, both of Fort Worth, for appellees Jake H. Tate and Bessie F. Tate.

McLean & Scott and Glover Johnson, all of Fort Worth, for appellee Mrs. Bessie Gardner.

DUNKLIN, Chief Justice.

On October 14, 1927, G. L. Nichols and C. Ray McKnight recovered a judgment in a Justice of the Peace Court of Tarrant County, against T. L. (Tom) Cansler and wife, Lucille Cansler, for the sum of $106.40, with interest thereon from the date of the judgment at the rate of six per cent per annum, and costs of suit, in the sum of $5.60.

On October 28, 1927, execution was duly issued on the judgment, on which due return was made by the constable and filed with the Justice of the Peace, reporting no property found for levy and no collection made. And no part of the judgment has ever been paid.

On October 31, 1927, an abstract of the judgment in due form was filed for record with the County Clerk of Tarrant County, where it was duly recorded and indexed, in accordance with statutory requirements pertinent thereto.

On June 23, 1931, defendant, Mrs. Lucille Cansler, inherited two parcels or tracts of land in the town of Arlington, in Tarrant County, hereinafter referred to.

On March 22, 1932, Mrs. Lucille Cansler, joined pro forma by her husband, Thomas L. Cansler, by warranty deed, conveyed one of the tracts she had inherited to Mrs. Bessie Gardner, for the recited consideration of $1,700, of which $600 was cash paid and the balance in two notes, secured by a vendor's lien. That deed was duly acknowledged and recorded in the records of deeds of Tarrant County on March 25, 1932.

On October 28, 1933, Mrs. Lucille Cansler, who was then the lawful wife of S. W. Crutcher, executed a deed in her then married name of Lucille Crutcher, joined by S. W. Crutcher, conveying another parcel of her said inheritance to Jake H. Tate and wife, Bessie F. Tate, for a cash consideration paid of $1,000. That deed was also duly acknowledged and recorded in the deed records of Tarrant County, on November 9, 1933.

On October 26, 1937, this suit was instituted by G. L. Nichols and C. Ray Mc-Knight, plaintiffs in said judgment and owners thereof, against the grantors and grantees, respectively, in those two deeds, to foreclose the judgment lien on those two tracts, created by the filing of said abstract of judgment under provisions of Arts. 5447 and 5448, Vernon's Texas Civil Statutes, providing for the issuance and recordation of an abstract of judgment, and Art. 5449, which, prior to its amendment by the 44th Legislature in 1935 and 45th Legislature in 1937 (Vernon's Ann. Civ.St. Art. 5449), read: "When any judgment has been so recorded and indexed, it shall from the date of such record and index operate as a lien upon all of the real estate of the defendant situated in the county where such record and index are made, and upon all real estate which the defendant may thereafter acquire situated in said county. Said lien shall continue for ten years from the date of such record and index; but if the plaintiff fails to have execution issued upon his judgment within

twelve months after the rendition thereof, said lien shall cease to exist."

Defendants filed pleas of the four year statute of limitation, Art. 5529, Vernon's Texas Civil Statute, which reads: "Every action other than for the recovery of real estate, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same shall have accrued and not afterward."

The case was tried without a jury, and the findings and conclusions filed by the trial judge appear in the record. Those findings recite the facts set out above and the conclusion reached that the judgment lien attached to the property in controversy on June 23, 1931, when Mrs. Cansler inherited it; plaintiff's right of action to sue for a foreclosure of the lien accrued at that time; that the four year statute of limitation, Art. 5529, pleaded by defendants, was controlling, in the absence of any other applicable limitation statute; that plaintiff's suit was barred by that article of the statute, because it was filed more than four years after Mrs. Lucille Cansler acquired the property.

Plaintiffs have appealed, and the only error assigned here is to the ruling of the trial court that the suit was barred by the four year statute of limitation, Art. 5529. The point is ably briefed by counsel for the parties, all of whom say the exact question under like facts as here involved has never been determined by our Appellate Courts, and that this is a case of first impression.

In Edwards Mfg. Co. v. Southern Surety Co., Tex.Civ.App., 283 S.W. 624, several decisions are cited holding that the statute creating a cause of action for injuries resulting in death and limiting the time within which the suit must be instituted; and the statute giving the right to establish a claim against the bank guaranty fund and fixing the time within which a claim therefor must be presented, were statutes of limitation. But those cases are distinguishable from the case at bar, because they were personal actions, showing rights of recovery on the facts relied on, and the right to plead limitation thereto could be waived by the defendants, while the instant suit was not a suit on a judgment but an action in rem to foreclose a statutory judgment lien on land already fixed in accordance with statutory require-

ments; and plaintiffs had the burden to show that the lien was still a subsisting lien. That point was definitely decided by our Supreme Court in Boyd v. Ghent, 95 Tex. 46, 64 S.W. 929, 930, which was a suit in trespass to try title, with an alternative prayer for foreclosure of a judgment lien on the land, and in the opinion of Chief Justice Gaines, this was said:

"One contention on the part of the defendant was that more than 10 years had elapsed since the filing of the abstract of the plaintiff's judgment against Trigg before the trial of the cause, and before the filing of the petition asserting the lien, and that therefore the lien was lost. The court of civil appeals held that, for the reason that the defendant did not plead the statute of limitations, she could not assert this defense. We are not prepared to concur in this conclusion. The statute which gives the lien reads as follows:

" 'When a lien had been acquired as provided in this chapter it shall continue for ten years from the date of such record and index, unless the plaintiff shall fail to have execution issued upon his judgment within twelve months after the rendition thereof, in which case said lien shall cease to exist.' Rev.St. art. 3290.

"It seems to us that, since this article fixes the period during which the lien shall continue, a party who asserts it in an action must show that it has not ceased to exist at the time he brings his suit. Otherwise he shows no existing lien. It is not a statute which limits the period in which an action shall be brought, and therefore we are inclined to the opinion that it is not necessary for a defendant who resists such lien to plead the statute specially. But we think that it does not appear from the record in this case that the lien was lost. We do not know upon what grounds the trial judge instructed a verdict in favor of the lien in this case. Where for any reason it becomes necessary for a party holding a lien acquired by filing an abstract of a judgment upon real estate to bring suit for its enforcement, we think he preserves his lien by filing his suit within the 10 years, and that the subsequent lapse of time before the trial will not defeat his action."

Baker v. West, 120 Tex. 113, 36 S.W. 2d 697, by Commission of Appeals, and Fikes v. Buckholts State Bank, Tex.Civ. App., 273 S.W. 957, were suits in trespass to try title, in which plaintiffs claimed title under foreclosures at execution sales on judgments that had been duly filed in the abstracts of judgments in counties where the lands were situated. And collateral attacks on those deeds, on the ground that those judgment liens could be foreclosed only by suits brought for that purpose, were overruled. But those decisions have no application here for two reasons; first, this suit was not a collateral attack on a deed to plaintiff, and second, because in those suits the issue of limitation was not involved.

Article 5449 does not purport to be a statute of limitation. It does not prescribe the time within which a suit for foreclosure of the lien must be instituted, nor the period within which a foreclosure must be decreed. And to say that the lien could be terminated before the expiration of the ten year period given by that statute for its duration, because the suit was not sooner instituted, obviously would be to deny the force of the statute fixing the duration of the lien for a period of ten years.

 Hence, we conclude that the court erred in sustaining the plea of the four year limitation to plaintiff's suit. Since plaintiff's suit to foreclose the judgment lien in controversy was instituted while that lien was still in force, the judgment of the trial court is reversed and judgment is here rendered in favor of plaintiffs for foreclosure of the judgment liens prayed for on the two tracts in controversy. But that the tract acquired by defendants J. H. Tate and wife, Bessie Tate, on October 28, 1933, be first sold to satisfy the judgment recovered by plaintiffs in the Justice Court, Precinct 2, Tarrant County, on October 28, 1927, against T. L. (Tom) Cansler and wife, Mrs. Lucille Cansler, who later was known as Lucille Crutcher, by reason of her marriage to defendant S. W. Crutcher, and under which judgment the statutory lien was acquired. And that the tract acquired by defendant, Mrs. Bessie Gardner, on March 22, 1932, be sold in the event only the same be necessary to satisfy any balance that may be due on said personal judgment after sale of the tract later acquired by defendants J. H. Tate and wife, Bessie Tate, in accordance with the prayer of Mrs. Bessie Gardner for such inverse order of foreclosure, if foreclosure be decreed, under the doctrine of inverse order of alienation. Van Sickle v. Watson, 103

Tex. 37, 123 S.W. 112; Biswell v. Gladney, Tex.Com.App., 213 S.W. 256; Shelton v. O'Brien, Tex.Com.App., 285 S.W. 260.

And this judgment will be certified to the trial court for enforcement by proper process.

The pleas by some of the defendants over against their vendors for breach of warranties of title by such vendors will be remanded for trial of those issues, since such issues are wholly separate and severable from the cause of action asserted by plaintiffs for foreclosure of their judgment lien. But the trial of such pleas over shall not prejudice the right of plaintiffs in the suit below, appellants here, to enforce the foreclosure of their judgment liens as hereinabove decreed. 3 Tex.Jur., para. 813, p. 1154, and decisions there cited.

Reversed and rendered in part, and remanded in part.