## STANTON v. BROWN.

### No. 12708.

Court of Civil Appeals of Texas.

Galveston.

June 17, 1954.

Rehearing Denied July 8, 1954.

Barker & Barker, and Owen D. Barker, Galveston, for appellant.

Walter E. Ressel, Galveston, for appellee.

HAMBLEN, Jr., Chief Justice.

This suit was instituted in the District Court of Galveston County as an action for scire facias to revive a judgment for debt upon which no execution has issued, and which was entered more than ten years before the institution of the action to revive. The defendant, who is now appellant, filed no answer in the suit, and judgment by default was entered reviving the judgment. Thereafter, and within the time allowed by law, appellant filed a motion for new trial, which was overruled. This appeal followed the order overruling such motion for new trial.

Appellant presents one point of error based upon the proposition that the judgment of revival, having been entered in a suit instituted more than ten years after the date of the judgment sought to be revived, was void under the provisions of Article 5532, Revised Civil Statutes of Texas. Appellee answers that Article 5532 is a limitation statute, which under the provisions of Article 5540, Revised Civil Statutes of Texas, as well as the provisions of Rule 94, T.R.C.P., is not available unless it be specifically set forth by the party who in his answer invokes it as a defense. The question thus squarely presented is whether Article 5532 is jurisdictional, or is a limitation statute. We have carefully examined the authorities cited by both litigants in support of their respective contentions, and while none of the authorities appears to have passed directly upon the precise question here presented, we do feel that the reasoning employed therein leads necessarily to the conclusion that appellee is correct in his contention that the statute is one of limitation, and that the judgment of the trial court must be affirmed.

Appellee relies most strongly on the case of Ogg v. Ogg, 165 S.W. 912, decided by the San Antonio Court of Civil Appeals in 1914. In its opinion, that court states unequivocally that Article 5696 (which is now Article 5532) is a limitation statute which must be specifically pleaded, or is otherwise waived. That case appears to be the only case cited by either litigant which undertakes to discuss the question. Appellant insists, however, that Ogg v. Ogg was decided upon another point of law, so that the language relied upon by appellee is mere dictum. Appellant further insists that the dictum of Ogg v. Ogg has been expressly overruled by the Commission of Appeals decision of Commerce Trust Co.

v. Ramp, 135 Tex. 84, 138 S.W.2d 531 (opinion adopted by the Supreme Court). We are unable to agree with appellant's contention in this regard. That case dealt with a judgment rendered on a certain date which contained a provision agreed to by the parties that execution should not issue for 180 days after date of judgment. No execution was issued, and suit to revive, under the provisions of Article 5532 was brought at a date more than ten years after the date of judgment, but less than ten years plus 180 days after the date of the judgment. Judge German, who wrote the opinion of the court, states that the vital question presented was whether the provision of the judgment would extend the period within which suit to revive could be instituted to a date ten years after the expiration of the 180 days fixed in the judgment from and after which execution might issue. The holding of the court is to the effect that Article 5532 refers to "date" of judgment, and that the ten-year period must be computed from such "date" of judgment, regardless of any provision therein delaying the issuance of execution. We find nothing in the language of the court, when read in the light of the legal question being considered, which supports appellant's contention that Article 5532 is jurisdictional and prevents the entry of a judgment of revival in a suit instituted more than ten years after date of judgment, even though that article is not pleaded defensively. On the contrary, the opinion of the Court of Civil Appeals in the Ramp case, Commerce Farm Credit Corp. v. Ramp, 116 S.W.2d 1144, repeatedly refers to Article 5532 as a "limitation" statute. That portion of the Court of Civil Appeals opinion was expressly affirmed by the Commission of Appeals. It therefore appears that the defensive issue of limitation was directly before the court, and the holding of both courts is simply that the provision of 180 day delay in issuing execution did not toll the running of the limitation statute.

Boyd v. Ghent, 1901, 95 Tex. 46, 64 S.W. 929, 930, which both litigants cite, does not appear to this Court to be applicable. That was a suit to enforce a judgment lien under the provisions of Article 3290, which is now Article 5449, Revised Civil Statutes, Vernon's Ann.Civ.St. The Supreme Court held that the plaintiff in such suit must show that the lien exists at the time he brings suit, and that it is not necessary for the defendant to specifically plead the article defensively. We think it interesting to note that the Supreme Court bases its conclusion on the proposition that Article 3290 (now 5449) is not a statute which "limits the period in which an action shall be brought". Article 5532 with which we are now concerned is clearly a statute which limits the period within which an action shall be brought, and therefore it would follow that its provisions must be specifically pleaded defensively.

In Zummo Packing Co. v. Cotham, 137 Tex. 517, 155 S.W.2d 600 (Comm. of App.), the contention was made that Article 5532 was impliedly repealed by Article 3773, and that the ten-year period provided for in Article 5532 would not commence until the judgment became dormant. The court overruled this contention, holding that the two statutes were not in conflict. The question before the court was therefore clearly different from that here involved. However, it is noteworthy that in its opinion which was adopted by the Supreme Court, the Commission of Appeals refers to Article 5532 as a limitation statute.

There is nothing in the wording of Article 5532 from which it can be concluded that the legislature intended it as a jurisdictional rather than a limitation statute. On the contrary, the language employed is similar to that employed in Articles 5524, 5526, 5526a, 5527, 5528, 5529, 5531, 5533, and 5534. Each of the cited statutes, after stating the period within which suits of various character shall be commenced, ends with the words "and not thereafter" or "and not after" or "and not afterward". Each of the cited statutes has been clearly held to be a limitation statute.

The considerations which we have discussed lead to the conclusion that the judgment of the trial court was correct, and that judgment is accordingly affirmed.