### M. SCHNEIDER ET AL. V. OSBORN DORSEY ET AL.

#### No. 1222. Decided May 28, 1903.

**1.—Judgment Lien—Execution.**

An execution showing that it was issued within a year from the rendition of the judgment, but not appearing from the officer's return or other evidence to have been placed in the hands of the sheriff, is not sufficient to preserve the judgment lien under the provisions of article 3290, Rev. Stats. (Pp. 546, 547.)

**2.—Same.**

Questioned, whether the issuance of execution to the sheriff, etc., of another county without first issuing execution, as required by law, to the county in which judgment was recovered is sufficient to preserve the judgment lien. (P. 547.)

**3.—Abstract of Judgment—Date.**

It would seem that the judgment lien ought not to be defeated because the abstract, filed and indexed to preserve it, gave the date of its recovery as "93" instead of "A. D. 1893." (P. 547.)

**4.—Index of Judgment Abstract—Errors in Names.**

Questioned whether the recording and indexing of an abstract of a judgment in favor of "M. Schneider & Bro., a firm composed of M. Schneider and Abe Schneider," should be held insufficient because the record gave the names as "M. Schnerder & Bro., a firm composed of M. Schneirder and Abe Schneider," and the index of plaintiffs' names was "Schneider & Bro., M. Schneider et al., Abe Schneider et al." (P. 548.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Fannin County.

M. Schneider & Bro. sued Dorsey and others to enforce a judgment lien. Judgment was for defendants. Plaintiffs appealed, and on affirmance obtained writ of error.

*Taylor & McGrady,* for plaintiffs in error.—Stating the year judgment was rendered as 93 is sufficiently certain, since it is judicially known that Grayson County was created since year 1800, and means the same as 1893 or as A. D. 1893.

The certificate of the clerk making the abstract of judgment and appended as a part thereof giving the date of judgment may be looked to in aid of a previous part of the abstract.

"M. Schnerder & Bro., a firm composed of M. Schneirder and Abe

Schneider," is a sufficient recording of the names of plaintiffs, which are
"M. Schneider & Bro., a firm composed of M. Schneider and Abe Schnei-
der," in an abstract of judgment, where all the other parts of the abstract
are correctly transcribed.    In such case there is sufficient identity.    Be-
sides the names are idem sonans.

Plaintiffs, having a valid judgment against Smith upon which execu-
tion issued within the year, duly abstracted and recorded in judgment
record of the county, and Smith afterwards having acquired land in the
county subject to execution, such lien attached and should have been
foreclosed as against subsequent purchaser from Smith, where ten years
had not elapsed.   Rev. Stats., arts. 3289, 3290; Hull v. Naumberg, 1
Texas Civ. App., 132.

The court erred in conclusion of law number 1, reading:   "That by
reason of the defects in said abstract of judgment and the irregularities
and mistakes in recording and indexing same, no judgment lien ever
attached to the land in question, even though no part of same had become
Smith's homestead."   Because there was no material or sufficient defects
in said abstract of judgment, or irregularities or mistakes in the record-
ing or indexing same, as to invalidate such abstract of judgment or the
recording or the indexing thereof.

The court erred in rendering judgment for defendants, and instead
thereof erred in not rendering judgment for plaintiffs establishing and
foreclosing their lien as against all of defendants on all of lands described
in plaintiffs' petition for amount of the judgment against said Smith,
because the undisputed evidence showed that plaintiffs had a valid judg-
ment against said Smith recovered in year 1893 upon which execution
issued within one year, which judgment was legally abstracted and
recorded and indexed in Fannin County in year 1896, and thereafter said
Smith acquired said lands in said county in such manner as were subject
to execution against him when so acquired, so that the judgment lien
became fixed thereon, and defendants afterwards bought such lands from
Smith.

The court did not err in finding and holding that the recording and
indexing of appellants' abstract of judgment did not fix a lien on the
lands in controversy.

Stating in the abstract the year the judgment was rendered as 93 is not
sufficiently certain, and shows an impossible date, and the clerk's certifi-
cate to the abstract can not be looked to to cure this defect.

Where a judgment in favor of M. Schneider & Bro., a firm composed
of M. Schneider and Abe Schneider, is recorded as in favor of M. Schner-
der & Bro., a firm composed of M. Schneirder and Abe Schneider, and
properly indexed except that in one place the partnership name is writ-
ten M. Scheider & Bro., is not sufficiently recorded and indexed to create
a judgment lien on defendant's property; because Schneider, Schneirder,
Schnerder and Scheider are not idem sonans.   Gin Co. v. Oliver, 78
Texas, 182; Rev. Stats, arts. 3284, 3285; Anthony v. Taylor, 68 Texas,

403; Rushing v. Willis, 28 S. W. Rep., 921; Booth v. Holmes, 2 Posey, U. C., 232; Shields v. Hunt, 45 Texas, 427.

GAINES, Chief Justice.—This suit was brought by plaintiffs in error against defendants in error to enforce an alleged judgment lien upon certain lands lying in Fannin County. In May, 1893, the plaintiffs recovered a judgment for the sum of $527.95 and costs against one Gid Smith, Jr., upon which they claim an execution was issued against the property of Smith in the following June. An abstract of the judgment was procured from the clerk of the court and was filed in the office of the county clerk of Fannin County, May 15, 1896, and was recorded and indexed; but whether it was properly so recorded and indexed was a question made in the case. November 24, 1899, Smith bought and received a conveyance of the lands upon which the lien is claimed; and in 1900 and 1901 he sold them in separate parcels to the defendants in error. Subsequently he died insolvent, leaving the judgment unsatisfied. Hence arose the necessity of the suit to enforce the alleged lien on the land.

Articles 3284 to 3288 of the Revised Statutes provide for the procuring an abstract of a judgment, for its filing in the office of any county clerk in this State and for the recording and indexing by such clerk of the abstract so filed. Article 3289 provides that when an abstract of a judgment has been so filed, recorded and indexed, it shall operate as a lien upon all the real estate then owned by the defendant situate in the county where such record and index are made, and also upon all the lands in such county which he may thereafter acquire. But article 3290 further provides that, "when a lien has been acquired, as provided in this chapter, it shall continue for ten years from the date of such record and index, unless the plaintiff shall fail to have execution issued upon his judgment within twelve months after the rendition thereof, in which case said lien shall cease to exist."

The judgment under which plaintiffs claim having been rendered in May, 1893, and an abstract thereof recorded and indexed in the same month, and Smith not having acquired the lands in controversy until November, 1899, it is apparent that the judgment did not operate as a lien, unless execution thereon was issued within twelve months from the day on which it was rendered.

Whether an execution was issued upon the judgment within twelve months was a question of fact. The only evidence of the fact was an execution regular in form and duly signed and sealed by the clerk of the court in which the judgment was rendered directed to the sheriff or any constable of Fannin County, which has an indorsement containing, in addition to the number and style of the case, amount and date of judgment, costs, etc., the following: "Issued June 9, 1893. T. W. Hudson, clerk. Attorneys: Chas. Crenshaw." The case having been submitted to the trial judge without the aid of a jury, his findings as to this matter are as follows: "That on June 9, 1893, plaintiff procured an execution

on said judgment directed to the proper officer of Fannin County. That said execution does not appear to be an alias nor to have been placed in the hands of any officer and there is no return thereof." We construe this to mean that in the opinion of the court there was no evidence, or at least no sufficient evidence, that the execution was ever placed in the hands of an officer of Fannin County who was duly authorized to levy the writ. To say that a fact does not appear upon the trial of a case is to say, that the evidence does not show it. Article 2340 of the Revised Statutes requires that "the officer receiving an execution shall indorse thereon the exact hour and day when he received it." The presumption is that if the writ had come to the hands of a sheriff or constable of Fannin County he would have indorsed the day and hour of its receipt, and would have returned it with other proper indorsements to the clerk of the court from which it issued. Very clearly the evidence was sufficient to justify a finding of the trial judge that the execution never had been placed in the hands of a proper officer. Indeed we think there was no sufficient evidence to justify a finding to the contrary. It seems to us the evidence tends to establish but one of two conclusions— either that the clerk merely prepared the writ for delivery to plaintiffs' attorney, or that it was delivered to the attorney, who returned it, without having placed it in the hands of a proper officer of Fannin County. At all events, in order to establish the existence of their lien at the time Smith acquired the lands, the burden was upon the plaintiffs to prove that an execution had issued upon the judgment within twelve months after its rendition, and the trial court found that the fact was not shown. Therefore the plaintiffs had no lien upon the land, and judgment was properly rendered for the defendants.

We note that the execution relied upon in this case appears to be the first execution; at least it does not apear to be an alias. The law requires the first execution to issue to the county in which the judgment was rendered. The issue of the first to Fannin County was therefore an irregularity, though the writ was not void. Whether a voidable execution would be sufficient to preserve a lien acquired by the recording and indexing of an abstract of a judgment is a question not necessary to decide in this case.

· The trial court held that the abstract of the judgment and the recording and indexing of such abstract were not sufficient to fix a lien. When we examined the application for the writ of error we were not inclined to concur in this conclusion, and having overlooked the point upon which we now decide the case, we granted it upon that ground. The only objection urged to the abstract was that it gave the year of the rendition of the judgment as "93" instead of "1893." It seems to us that no one could doubt that by "93" was meant 1893, and that therefore the abstract was sufficient. It would seem to result from a contrary ruling, that "1893" without words to indicate whether it was the year 1893 before or after the coming of Christ, would not be good. There is just as much likelihood of a mistake in the one case as in the other.

The record of the abstract shows the names of the plaintiffs in the judgment as follows: "M. Schnerder & Bro., a firm composed of M. Schneirder and Abe Schneider." So in the index of the names of the plaintiffs, they are given as follows: "Scheider & Bro., M. Schneider et al., Abe Schneider et al." In Gin Company v. Oliver, 78 Texas, 182, in speaking of the statute which requires the record of an abstract of a judgment to be indexed it is said: "The evident object is that the persons searching the records in order to discover the existence of judgment liens may have the means of ascertaining with promptness and certainty whether such liens exist or not." Although these names may not be idem sonans we doubt if any one could have been misled by these evident clerical errors in spelling. But we find it unnecessary to decide either the question as to the validity of the abstract or that as to the record and index.

For the reason that no execution issued upon the judgment within twelve months from its rendition, the judgment of the District Court and that of the Court of Civil Appeals are affirmed.

*Affirmed.*