### C. C. ABEE v. AMBROSIA BARGAS.

Decided February 6, 1907.

**1.—Secondary Evidence—Admission—Effect.**

Evidence, although not the best procurable, will be admitted if not objected to, and should then be considered by court or jury as though it was the best of which the case was susceptible, and a judgment rendered thereon will not be disturbed because of its admission.

**2.—Abstract of Judgment—Certificate—Sufficiency—Presumption.**

Where an abstract of a judgment was admitted in evidence without objection, although the certificate of the clerk attached thereto failed to show that the abstract had been alphabetically indexed, it should have been presumed that the abstract had been indexed alphabetically, as the law required it to be done. The presumption is that officers do as the law and their duty require them.

**3.—Same—Case Criticised.**

The statement in the case of Lindsey v. State, 27 Texas Civ. App., 540, that a certificate of a clerk to an abstract of judgment was fatally defective because it failed to state that the index was alphabetically made, is obiter dictum.

Appeal from the Fifty-seventh District Court, Bexar County. Tried below before the Hon. A. W. Seeligson.

*James Raley,* for appellant.—The court erred in holding that de-

fendant's title was superior to plaintiff's, for the record shows that plaintiff had a judgment lien on the lot long before defendant's deed was recorded, and that plaintiff had no notice of such deed before his lien was filed. 32 S. W. Rep., 229; 70 Texas, 462; Robertson v. McClay, 19 Texas Civ. App., 515; Grace v. Wade, 45 Texas, 522.

It is well settled that a substantial compliance with the law is all that is required. 2 Texas Civ. App., 304; 8 Texas Civ. App., 677; 84 Texas, 343; Freeman, sec. 347; 1 Black, sec. 406.

Every officer is presumed to do his duty as required by law. 86 Texas, 126; Laws on Presumptive Evidence, 53; 70 Texas, 462.

After the court had admitted the abstract of judgment and the certificate of the county clerk in evidence without objection, it was error to cut them out on his own motion when the case was under advisement, without giving plaintiff a chance to supply the rejected testimony with other testimony which the record shows was at hand. Goldstein v. Manney, 33 S. W. Rep., 686; Evans v. Terrell, 15 Texas Ct. Rep., 446; Byers v. Thacker, 15 Texas Ct. Rep., 778; Thomas v. Hammond, 47 Texas, 51; Ellis v. Gravey, 76 Texas, 372; Kimmarle v. Houston & T. C., 76 Texas, 392; Battle v. Chandler, 53 Texas, 616.

*B. J. DeWitt* and *John H. Clark,* for appellee.

FLY, ASSOCIATE JUSTICE.—This is an action of trespass to try title to lot 5, new city block 2955, in San Antonio, Texas, on north side of Essex Street, instituted by appellant. Appellee disclaimed as to the east half of the lot, and pleaded not guilty as to the other half. The cause was tried without a jury and judgment rendered in favor of appellee.

Appellant introduced in evidence a judgment in favor of C. C. Abee v. Santiago Bargas and Gus Tyler for the sum of $37.45, and a foreclosure of a vendor's lien on certain property, and an execution and sale of the lot in controversy to appellant. The execution was levied on the land on April 5, 1904. The sheriff's deed was dated June 9, 1904. Appellant introduced in evidence abstract of the aforementioned judgment to which was appended a certificate as follows:

"The State of Texas,⎞
County of Bexar.     ⎠

I, Frank R. Newton, county clerk of said county, hereby certify that the foregoing abstract of judgment was filed for record in my office on the 1st day of April, A. D. 1904, at 11:20 o'clock a. m., and duly recorded on the 1st day of April, A. D. 1904, at 11:40 o'clock a. m. in the judgment record of my office, book volume 7 on page No. 70; and also entered the same upon the judgment index showing the name of each plaintiff and of each defendant in said judgment and also the number of the book and page upon which said abstract is recorded.

In testimony whereof, witness my hand and official seal, at office, this 1st day of April, A. D. 1904.

Frank R. Newton,
County Clerk, Bexar County, Texas.
By August E. Huppertz, Deputy."

(Seal.)

No objection was urged to the abstract and certificate and appellant introduced no other evidence on the subject.

Appellee introduced in evidence a deed from Santiago Bargas to appellee to the lot in controversy, dated October 14, 1901, which was duly acknowledged and filed for record July 15, 1904.

The certificate of the clerk on the back of the abstract was one not required by law and was not the best evidence of the indexing of the abstract. It is apparent from the certificate itself that there existed better evidence of the indexing of the abstract of the judgment, and doubtless if it had been objected to as not being the best evidence obtainable the court would have sustained the objection. But no objection was urged to the certificate and it was allowed to go before the court to be weighed by it, and the question now presented to this court is, not as to the competency of the evidence, but as to its sufficiency to establish the record and indexing.

It has been held by this court in the case of Gunter v. Buckler, 32 S. W. Rep., 229, that the certificate of a county clerk, entered on the abstract of the judgment, that it had been filed and duly recorded, was, in the absence of any objection urged against its admissibility, sufficient proof of the record of the abstract. This court said: "The clerk has written on the abstract that he has duly recorded it, and, in the absence of proof to the contrary, the presumption must obtain that the clerk by due record, meant a full compliance with the statute. The indorsement of the clerk that the judgment abstract was duly recorded was not objected to, and is not in any manner contradicted, and, while not the best evidence of the proper record of the abstract, is sufficient to sustain the judgment." The indexing of the abstract of judgment did not arise in that case, as a scrutiny of the record on file in this court fully shows. The only question was as to a certificate of due record being sufficient, when not objected to, to show a compliance with the law as to record.

The decision in the cited case of Gunter v. Buckler is sustained by ample authority. In the case of Long v. Garnett, 59 Texas, 229, the court, after commenting on the rule as to the necessity of producing the best proof as required in a former case, said: "The rule stated in that case is well established, but it simply means that the note itself is the best evidence, and the party may demand that it be produced or its absence accounted for. But if he permit secondary evidence to be introduced upon the trial without objection, he can not make the objection for the first time on appeal. . . . As no objection was made below to the competency of the evidence, the only question which we could consider would be whether it was sufficient to sustain the judgment. We have no doubt that it was." That was a suit on a promissory note in which the note was not produced, but was proved by oral evidence.

In the case of Matlock v. Glover, 63 Texas, 231, oral testimony, as to the contents of two promissory notes, was introduced without objection and the court said: "It does not appear that any objection was made to the evidence when it was introduced which the defendants subsequently moved to exclude. The evidence, if not the best which

might have been offered, was nevertheless competent evidence, and admissible unless objected to at the time when it was offered."

Again in the case of Brown v. Lessing, 70 Texas, 544, the same question was considered and the court held: "The appellants asked charges to the effect that the jury would find in their favor, unless the sale had been proved by the introduction of the written instrument by which it was made. This was refused and correctly so. If the appellants had objected to proof of the sale other than by production of the instrument by which it was made, the objection would doubtless have been sustained, unless some sufficient reason for its nonproduction was shown, but no such objection was made and proof other than primary having been introduced without objection, the jury were entitled to consider it."

In the case of Mensing v. Cardwell, 33 Texas Civ. App., 16, this court in discussing the question of secondary evidence said: "Masterson was permitted, without objection, to swear to the existence of a rental contract with appellees; that he had told appellants about it, and that he still owed $1,090 on it. If appellants desired the best evidence of the existence of the contract they should have demanded it in the trial court, and undoubtedly they would have received it. They will not be heard to first complain in an Appellate Court because the contract was proved by secondary evidence." See also Atchison, T. & S. F. Ry. v. Bryan, 37 S. W. Rep., 234.

All these authorities establish the proposition that evidence, although not the best procurable, will, if not objected to, be admitted and should then be weighed by court or jury as though it was the best of which the case is capable, and a judgment or verdict rendered for or against it as its sufficiency may determine, will be sustained.

Now in this case the certificate of the clerk shows that the abstract was properly recorded and further states that the same was entered "upon the judgment index showing the name of each plaintiff and each defendant in said judgment and also the number of the book and page upon which said abstract is recorded." The certificate undoubtedly shows an indexing of the abstract, nothing being omitted except a recital that it was alphabetically indexed. That it should be so indexed is one of the essentials required by the statute to make a perfect index. "This means that each name must appear in the index in its alphabetical order. The evident object is that persons searching the records in order to discover the existence of judgment liens may have the means of ascertaining with promptness and certainty whether such liens exist." (Gin Co. v. Oliver, 78 Texas, 182.) Is a certificate of indexing, in the absence of objection, a certificate of indexing as required by law? Will the law presume from a certificate by the clerk that he indexed the abstract that he indexed it alphabetically? We believe these questions should be answered in the affirmative.

The presumption is that public officers, and private officers do as the law and their duty require them. (Olcott v. Gabert, 86 Texas, 121.) And when the officer, as in this case, states he had indexed an abstract of judgment, the law will presume that he did it as the law requires at his hands. It is true that it has been held that proof of the record of an abstract of judgment will not raise the presumption of its being

properly recorded, because the act of recording is a separate and distinct act from the indexing, and the law will not go so far as to presume an indexing without having some fact upon which to base such presumption. An abstract might be duly recorded and yet not be indexed. In this case, however, the officer has declared that he indexed the abstract, and upon that certificate the presumption of legal indexing, can, we think, be based, for if he did it at all it must, in the absence of proof to the contrary, be presumed that he did it correctly.

In the case of Nye v. Gribble, 70 Texas, 458, it would seem that there was a certificate of record of the abstract of the judgment, but none of the indexing, and the court held: "There must be testimony to the indexing beyond the mere presumption of regularity in the discharge of his duties on the part of the officer charged with the duty of making the index upon recording the instrument. The clerk should certify to having indexed the paper." It appears from that decision if there had been a certificate that the abstract had been indexed that the Supreme Court would have held it sufficient proof of the indexing.

Again in the case of Corbett v. Redwood, 58 S. W. Rep., 550, the Court of Civil Appeals of the First District held: "That proper indexing is necessary to the validity of such a lien is well settled, and it seems to be equally well settled that such indexing must be made to appear affirmatively either by the certificate of the clerk who furnished the certified copy of the recorded abstract or by other proper proof." From these decisions it may be inferred that if there had been any certificate of indexing the court would have held it sufficient. It may perhaps be inferred from the language of those decisions that the certificate of indexing would be sufficient without the necessity of indulging in the presumption of duty well performed on the part of the clerk.

There are no conclusions of law or fact in the transcript, and we can not be positive as to the position of the court on the evidence offered by appellant, but it is clear either that the court held that the certificate of the clerk was no proof at all or that it was not sufficient proof, because it failed to state that the index was alphabetically made. Upon no other theories can the judgment find any support. Such being the state of case we conclude that the learned trial judge was misled by an *obiter dictum* in the case of Lindsey v. State, 27 Texas Civ. App., 540, in which it is stated that a certificate was fatally defective because it failed to state that the index was alphabetically made. It is probable also that counsel for appellee were induced by the same expression to allow the introduction in evidence of the certificate without objection. It would, therefore, be unjust to appellee to render judgment for appellant in this case, and prevent appellee from having an opportunity to show that there was not a proper record and indexing of the abstract of judgment. The judgment will be reversed and the cause remanded.

*Reversed and remanded.*