## PARLIN & ORENDORFF IMPLEMENT CO. v. CHADWICK et al.　(No. 11906.)

Court of Civil Appeals of Texas. Fort Worth.
Feb. 4, 1928.

Rehearing Denied March 10, 1928.

1. **Justices of the peace** ⟨key⟩133—Notations on justice court docket showing execution issued on judgment did not show prima facie that executions were placed in hands of proper officer, who made due return.

In suit to enforce, against real estate, lien, of judgment obtained in 1897, in which proof showed that in justice court in which judgment was obtained all papers in suit had been lost, notations on justice court docket showing execution issued *held* not to establish prima facie showing that executions were placed in hands of proper officer, who made due return thereon.

2. **Justices of the peace** ⟨key⟩133—Judgment of justice court becomes dormant after year, where execution is not placed in hands of officer.

Where execution, though noted on docket of justice court in which judgment was rendered as having been issued, was not placed in hands of sheriff or constable, judgment became dormant after one year, and no judgment lien is created by subsequent filing of abstract of judgment with clerk of county court.

3. **New trial** ⟨key⟩150(4)—Motion for new trial for newly discovered evidence must show failure to discover testimony before trial was not fault of moving party.

Refusal of new trial on ground of newly discovered evidence *held* not error, where motion contained no showing that failure to discover testimony before trial was not due to lack of diligence on part of moving party; only allega-

---

⟨key⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

tion being that testimony was "newly discovered evidence."

**4. Appeal and error ⊙⟹1071(1)—In suit to enforce judgment, finding that judgment filed with clerk was not properly indexed, if error, held harmless, where executions were not delivered to officer.**

In suit to enforce, against real estate, lien of judgment obtained in justice court in 1897, finding that abstract of judgment filed with clerk of county court was not properly indexed, if error, *held* harmless, where plaintiff failed to show that executions issued on judgment were delivered to sheriff or constable for service.

On Motion for Rehearing.

**5. Judgment ⊙⟹853(4)—Failure to place 1907 execution in hands of officer for service prevented enforcement of lien of 1897 judgment.**

In suit to enforce, against real estate, lien of judgment obtained November 8, 1897, finding that execution issued October 7, 1907, was not placed in hands of sheriff or constable for service *held* to support judgment for defendant, regardless of validity of execution issued November 19, 1897.

Appeal from District Court, Clay County; Vincent Stine, Judge.

Action by the Parlin & Orendorff Implement Company against Cary Chadwick and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Bonner, Bonner & Fryer, of Wichita Falls, for appellant.

W. G. Eustis and Wantland & Glasgow, all of Henrietta, for appellees.

DUNKLIN, J. This suit was instituted by Parlin & Orendorff Implement Company against the heirs of Mr. and Mrs. Allen A. Spangler, deceased, to enforce a judgment lien against certain real estate situated in Clay county that belonged to the community estate of Mr. and Mrs. Spangler. From a judgment denying plaintiff any relief, this appeal has been prosecuted.

The lien sought to be enforced against the property in controversy was by virtue of a judgment recovered by Parlin & Orendorff Implement Company against Allen A. Spangler on November 8, 1897, in the justice court of Dallas county, precinct No. 1, before Ed. S. Lauderdale, justice of the peace, for the sum of $127.16, with interest thereon at the rate of 10 per cent. per annum, and an abstract of said judgment was filed with the clerk of the county court of Clay county on February 5, 1917.

Mrs. Allen A. Spangler died on July 2, 1917, and Allen A. Spangler, her surviving husband, died on April 22, 1918. All her community interest in the property in controversy was devised by Mrs. Spangler to Allen A. Spangler, and at the time of his death the latter was seized and possessed of the fee-simple title to the property. At the conclusion of the introduction of evidence upon the trial, the court instructed a verdict in favor of the defendants. The trial judge also filed findings of fact and conclusions of law, which appear in the record.

A certified copy of the judgment rendered by the justice of the peace was introduced in evidence; also a certified copy of the annotations on the docket of that court. These notations read as follows:

"No. 19" 1897 Execution issued, Nulla Bona 11/19/97
Oct. 7, 1907, A1 Ex issued to Dallas Co. Texas.
2/15.11 Pluries ex issued to Dallas Co.
2/15.11 Pluries ex returned Nulla Bona.
2/2/7 2nd Pluries Execution issued to Dallas Co.
2/2/7 2nd Pluries Execution returned Nulla Bona."

[1] Aside from those notations on the justice court docket no proof was offered to show that the executions referred to in the first two notations were ever placed in the hands of any officer charged by law with the duty to enforce them. The trial judge recited those facts in his findings, and from the same concluded that the plaintiff had failed to discharge the burden of showing that those two executions were ever placed in the hands of the sheriff or constable for service, and such failure of proof was made one of the grounds for denying plaintiff any relief.

Error has been assigned to that finding. The proof showed that in the justice court all the papers in the suit had been lost and could not be found after diligent search. In view of such loss appellant insists that the first two notations on the justice court docket mentioned above established a prima facie showing that those executions had been placed in the hands of a proper officer, who had made due return thereon as required by law. We have reached the conclusion that this contention is without merit.

The following statement in the syllabus of the opinion of our Supreme Court in Schneider v. Osborn Dorsey, 96 Tex. 544, 74 S. W. 526, reflects the holding of that court in that case:

"An execution showing that it was issued within a year from the rendition of the judgment, but not appearing from the officer's return or other evidence to have been placed in the hands of the sheriff, is not sufficient to preserve the judgment lien under the provisions of article 3290, Rev. Stats."

Bourn v. Robinson, 49 Tex. Civ. App. 157, 107 S. W. 873, was quite similar in facts to the present suit. In that opinion the following was said:

"The only testimony offered by the appellant tending to show that an execution had been issued upon his judgment within 12 months consisted of the entries on the execution docket of

the clerk of the Circuit Court of the United States in which the judgment was rendered. These entries consisted of dates entered under an orderly arranged system of ruled lines, showing date of issuance of execution to be November 16, 1901, returnable to February term, 1902. There was no other evidence of what disposition was made of the writ after it had been prepared by the clerk—nothing to show whether or not it had been delivered to the plaintiff or his attorney, or to the marshal of the district. Upon this testimony alone the appellant depends to establish the fact that he had complied with the law requiring executions to be issued within 12 months from the rendition of a judgment in order to prevent its becoming dormant. The trial court held that it was insufficient to establish that fact, and we are'asked to reverse that finding. If the mere clerical writing out and attestation of the writ is all that is required to 'issue' an execution, then the appellant has proven the desired fact; but such is not the law regarding the use of that term in the statute relating to the duty imposed upon the holders of judgments. The term 'issue' means more than the mere clerical preparation and attestation of the writ, and requires that it should be delivered to an officer for enforcement. Schneider v. Dorsey, supra; 1 Freeman on Execution § 9a; 17 Ency. of Law and Procedure, 1033. The law requires that, when an execution has been placed in the hands of a sheriff, he shall note upon it the hour and the day received, and shall, within the time prescribed by the execution, make due return of what 'he has done, in compliance with the requirements of the writ. We cannot, in the face of the record, indulge the presumption that the clerk, upon the preparation and attestation of the writ, delivered it to the proper officer. The law does not require him to do that, and hence we cannot assume, from the mere entries upon his record, that he has done more than what was required of him. For aught that appears to the contrary, he may have delivered the writ into the hands of the plaintiff or his attorney or it may have been left among the papers, and lost or misplaced without ever reaching the marshal. If we are required to presume one fact from the existence of another, the presumption would naturally be against such a thing having been done; for, if he had delivered it to the proper officer, it will be presumed, in the absence of evidence to the contrary, that the officer to whom it was delivered would have done his duty and made some return upon the writ showing what official action he had taken thereunder. In the case of Schneider v. Dorsey, supra, it was distinctly decided that in order to be a compliance with the statute the writ must be placed in the hands of the officer whose duty it is to execute it; and, until this is done, there has been no sufficient compliance with the law requiring executions to be issued within a year from the rendition of the judgment in order to preserve its validity. The issue as to whether or not an execution had been issued, as required by law, being one of fact, and having been decided adversely to the appellant in the court below, we do not think the evidence contained in the statement of facts would justify us in setting that finding aside."

[2] The reasoning so advanced in that opinion appeals to us as convincing, and we have quoted the language so used as applicable here. If the execution noted on the docket as having been issued November 19, 1897, was never placed in the hands of the sheriff or constable, then the judgment became dormant and no judgment lien was created by the filing of the abstract of judgment on February 5, 1917, even though it could be said that the other executions noted on the docket were duly issued and placed in the hands of the sheriff or constable for service; the statutes being that execution must issue within one year after rendition of the judgment, otherwise the judgment then becomes dormant. And the same result would follow if the execution issued in the year 1907 was not placed in the hands of the sheriff or constable. In this connection it should be noted that while Ed. S. Lauderdale testified that the notation on his docket, "Nulla Bona, 11/19/97," was in his handwriting, he further testified that he had no independent recollection as to what he did with the writ, nor did he testify to any custom of his to deliver such writs to the sheriff or constable after issuance. Furthermore, aside from the second notation on the docket, no independent evidence was introduced to show that the execution referred to as having been issued on October 7, 1907, was ever placed in the hands of the sheriff or constable for service. Nor was there any testimony to show who was the justice of the peace on that date, or that it was the custom of the one then holding that position to place such writs in the hands of the sheriff or constable as soon as they were issued.

Appellant has cited Heman v. Larkin, 99 Mo. App. 294, 73 S. W. 218, a Missouri case. In that case a judgment was asserted against certain property of the judgment debtor, and whether or not a lien was shown hinged upon proof that an execution was issued and delivered to the constable. The only evidence offered was an entry on the justice court docket showing that an execution had been issued and delivered to the constable. It is noted in the opinion that it was contended by the plaintiff that the word "issued" imports delivery. That contention, however, was overruled, but it was held that the court should have admitted secondary proof offered to show that such delivery was in fact made. The secondary evidence so offered consisted of testimony of a deputy constable that it was the custom of the justice of the peace when he issued executions to immediately deliver them to the constable, and that it was likewise the custom of the constable and his deputies to place the issues in a certain drawer and to daily take those writs therefrom. On account of the exclusion of such secondary evidence the judgment of the trial court denying to plaintiff the enforcement of the judgment lien was reversed and the cause remanded, in order to permit the introduction of such secondary evidence.

[3] The decision last noted is cited by appellant in support of another assignment presented to the refusal of the trial court to grant a new trial, on the ground of newly discovered evidence. The newly discovered evidence consisted of an affidavit of Floyd E. Ard that he and Frank Raney were clerks of Judge Edwards, who was justice of the peace of precinct No. 1 in 1907, successor to Judge Lauderdale, who rendered the judgment in the justice court; that Judge Edwards and Frank Raney were both dead; that the entry on the justice court docket "Oct. 7, 1907, alias ex. issued to Dallas County, Texas," is in the handwriting of Frank Raney; that at that time the constable's office was in the same room with the justice of the peace, the two offices being separated only by a small railing; that it was the custom of the justice of the peace and the clerks in his office, during the year 1907, immediately upon the issuance of an execution, to place the same in the hands of the constable, and affiant believed that the execution referred to in that notice was in fact delivered to the constable promptly upon its issuance.

It is insisted that such newly discovered testimony would have been sufficient to show that the execution issued on October 7, 1907, was in fact delivered to the constable, and that the trial court erred in overruling the motion for new trial based on that ground.

This assignment is overruled, since the motion contains no showing whatever that the failure to discover the testimony of Floyd E. Ard before the trial was not due to any lack of diligence on the part of plaintiff; the only allegation being that that testimony was "newly discovered evidence."

[4] The trial judge further found that there was no sufficient proof that the abstract of judgment filed with the clerk of the county court of Clay county in the year 1917 had been properly indexed as required by the statute. Error has been assigned to that finding also. The only proof offered by appellant to show such indexing was a certificate of the county clerk attached to a copy of the judgment as abstracted, which contained the statement that it had been properly indexed. No objection was made to the introduction of the certificate of that fact, nor was any evidence offered to show that the abstract of judgment was not properly indexed. Under such circumstances it may be, although it is unnecessary for us to so decide, that the court erred in holding that there was no proof that the abstract of judgment was properly indexed in the judgment lien records of the county. See Abee v. Bargas, 45 Tex. Civ. App. 243, 100 S. W. 191, and decisions cited in the opinion in that case. However, the error in that finding, if error it be, would not require a reversal of the judgment, in view of plaintiff's failure to show that

the executions purported to have been issued in the years 1897 and 1907 were delivered to the sheriff or some constable for service.

One or two other assignments of error are presented to some of the findings of the court, but they will not be discussed, since a determination thereof in no way bears upon the points discussed above, and a decision thereof is unnecessary.

Accordingly, the judgment of the trial court denying plaintiff a recovery is in all things affirmed.

### On Motion for Rehearing.

[5] In opinion on original hearing, it was stated that the trial judge found that plaintiff had failed to discharge the burden of showing that the two executions, of date November, 19, 1897, and the second, of date October 7, 1907, were placed in the hands of the sheriff or constable for service. The findings of the trial judge were in writing and constitute a part of the record here, from which it appears that there was such a finding with respect to the execution dated October 7, 1907, but not of the one dated November 19, 1897. However, the finding with respect to the execution dated October 7, 1907, would of itself support the judgment without the aid of a similar finding with respect to the other execution, since the failure to place that execution in the hands of the sheriff would render the judgment dormant, and therefore the abstract of judgment filed created no lien upon the property in controversy. Furthermore, as pointed out in the opinion on original hearing, the evidence would have supported the same finding with respect to the execution dated November 19, 1897.

With this correction of our original opinion, the motion for rehearing is overruled.