MAY et al. v. OCEAN ACCIDENT & GUAR-
ANTEE CORPORATION, Limited.

(No. 2945.)

Court of Civil Appeals of Texas. Amarillo.
May 2, 1928.

Rehearing Denied. May 23, 1928.

1. Evidence ⊜⟾83(1)—Plea in abatement by insurance carrier on ground of pending suit held not sustainable, where petition, indorsed employer against claimant, was left with clerk, since latter is presumed to have filed paper and issued citation (Workmen's Compensation Act).

In suit under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), by claimant and his attorney, to have award matured against insurance carrier, insurance carrier's plea in abatement, on ground that it had given notice that it would file suit to vacate award, its petition, inclosed in wrapper indorsed employer against claimant, being on file, could not

be sustained, since it would be presumed that clerk had done his duty in filing paper and issuing citation in name of employer, instead of on behalf of insurance carrier, and hence that insurance carrier had not filed its petition within 20 days required by statute.

**2. Evidence ⬤➞83(1)—Public officers are presumed to do as law and their duty require them.**

The presumption is that public officers do as the law and their duty require them.

**3. Master and servant ⬤➞416½—Insurance carrier had burden of sustaining its plea in abatement in claimant's suit to mature award (Workmen's Compensation Act).**

In suit under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) against insurance carrier to have award matured, where insurance carrier claimed in abatement that it had filed its petition to have award set aside, *held*, that it had burden of showing such petition was filed within 20 days from receipt of notice by claimants.

**4. Evidence ⬤➞75—Where insurance carrier failed to prove petition for suit to set aside award was prepared and presented to clerk for filing, presumption arose that petition had not been filed (Workmen's Compensation Act).**

In suit under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) brought against insurance carrier to have award matured, where insurance carrier entered as plea in abatement pendency of suit which it had brought to have award set aside, *held* that, burden of proving who prepared petition and that such petition was presented to clerk for filing all being matters which rested in knowledge of insurance carrier, its failure to prove same led to legal presumption that facts thereby disclosed by evidence would be against its contention.

**5. Master and servant ⬤➞416½—Court held without jurisdiction to consider insurance carrier's suit as abatement of suit to mature award, where insurance carrier failed to file its petition in time (Workmen's Compensation Act).**

In suit under the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309), to mature award against insurance carrier, where insurance carrier as plea in abatement set up suit to have award set aside, showing its notice, but failing to show filing of petition within 20 days, as provided by statute, *held*, that trial court was without jurisdiction to consider such suit as abatement.

**6. Master and servant ⬤➞417(4½)—Statute requiring suit within 20 days after notice by insurance carrier that it objects to award must be complied with (Workmen's Compensation Act).**

Under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) providing that insurance carrier giving notice within 20 days after award has been made against it in favor of claimant may bring suit within 20 days to have such award set aside, bringing of suit within 20 days is statutory requirement, and must be complied with.

**7. Master and servant ⬤➞417(3½)—Order substituting insurance carrier for employer, in suit to vacate award, more than 20 days after notice, exceeded jurisdiction (Workmen's Compensation Act).**

In suit under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) against insurance carrier to have award matured, where insurance carrier entered as plea in abatement that it had commenced suit to have award vacated, but petition had been indorsed employer against claimant, *held*, that order of the trial court substituting insurance carrier for employer after expiration of 20 days was in excess of its jurisdiction, since statute must be strictly complied with.

**8. Master and servant ⬤➞418(3)—Where plea in abatement had been submitted to jury, peremptory instruction to return verdict held fundamental error (Workmen's Compensation Act).**

In suit under Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309) against insurance carrier to have award matured, where insurance carrier entered plea in abatement which was submitted to jury, action of trial court in giving peremptory instruction to return verdict for insurance carrier *held* fundamental error, even had plea been presented in such form as to have constituted legal defense.

Appeal from District Court, Potter County; W. E. Gee, Judge.

Suit by H. R. May and F. H. McGregor against the Ocean Accident & Guarantee Corporation, Limited. From a judgment sustaining defendant's plea in abatement, plaintiffs appeal. Reversed and rendered as to plea in abatement, and case reversed, and remanded for new trial on its merits.

F. H. McGregor, of Amarillo, for appellants.

Foster & Fullingim, of Amarillo, for appellee.

RANDOLPH, J. H. R. May and F. H. McGregor, plaintiffs, filed this suit, No. 5324, in the district court of Potter county, Tex., against the Ocean Accident & Guarantee Corporation, Limited.

In their petition, plaintiffs alleged: That on the 20th of December, 1926, the Industrial Accident Board of the state of Texas made and entered its final ruling, decision, and award under and by virtue of the provisions of section 5, pt. 2, art. 8307, Revised Civil Statutes of Texas of 1925, being the Workmen's Compensation Laws of Texas, in the matter of the claim of H. R. May, the plaintiff herein, employee, for compensation under said act against H. W. Underhill Construction Company, a corporation, employer, and the Ocean Accident & Guarantee Corporation, Limited, insurer, in claim No. L–22990 before said board, wherein and whereby the said Ocean Accident & Guarantee Corporation,

---

⬤➞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Limited, insurer under said act, by the final order of said board, was ordered and directed to pay plaintiff herein compensation at the rate of $20 per week, for not to exceed 401 weeks, commencing on the 13th day of August, 1926, which said award is in words and figures as follows, to wit: (Not necessary here to set out).

In said order it was recited that the plaintiff has been represented in the presentation and prosecution of his claim for compensation before the board, by F. H. McGregor, an attorney at law, Amarillo, Tex., and that the reasonable value of his services rendered is a sum equal to 15 per cent. on the unpaid portion of the first $1,000 and 10 per cent. of all amounts in excess of the first $1,000, to be paid out by weekly installments as they accrue and mature; also pleading in full all of the procedure before said Accident Board, and alleging that the defendant, Ocean Accident & Guarantee Corporation, Limited, deposited in the United States post office at Dallas, Tex., registered letters containing notices to the Industrial Accident Board and the plaintiffs, by which notice the said defendant notified said parties that it was not willing to abide by and did not consent to the said final award made by said board on December 20, 1926, and within 20 days from the receipt of said notice the defendant would file suit in some court of competent jurisdiction to have said final award set aside; that said notice was received by the Accident Board and the plaintiffs on January 3, 1927; that the defendant, Ocean Accident & Guarantee Corporation, Limited, has failed, for more than 20 days after having given said notice, to institute and prosecute a suit to set aside the final award of said board; that, by reason of the said defendant's failure to so institute and prosecute a suit to set aside said award within said 20 days after having given the notice aforesaid, the said award, ruling, and decision entered by said board on December 20, 1926, has become final and binding upon all parties to the same and is now in full force and effect; that, although the said award requires the defendant to pay to said May and McGregor the amounts of weekly compensation, the said defendant has thereafter failed and refused, and still fails and refuses, without justifiable or legal cause, to continue to make said payments promptly, as they mature, or to make any payments whatever, and the plaintiffs have exercised and do hereby exercise the right and privilege given them in section 5a, art. 8307, of part 2 of said act, and have matured and do hereby mature their entire claim against said Ocean Accident & Guarantee Corporation, Limited.

This is a sufficient statement of the contents of plaintiffs' petition to show the character of the suit filed, for the purposes of the discussion of the questions raised herein.

In this cause the defendant corporation filed its plea in abatement, in which, after setting up the proceedings before the Accident Board, the judgment or decree of said board making the award to the plaintiffs, and that the defendant gave notice it would not abide the award, but would bring suit within 20 days to set same aside, defendant alleged, in furtherance of said appeal from the award of said board, that:

The defendant herein "filed in the district court of Potter county, Tex., on the 6th day of January, 1927, within 20 days and less than 20 days after the award of said board, its petition and suit, which suit is numbered on the docket of this court 5253 and styled Ocean Accident & Guarantee Corporation, Limited, v. H. R. May and F. H. McGregor, and defendant here and now refers to and incorporates the petition of said cause in this plea in abatement, for fuller and more complete description, and here refers to and incorporates all papers in said cause No. 5253, judgments, rulings, and orders of the court in said cause heretofore made, as further answer and description of said cause, and further states that the said cause No. 5253 was pending and undisposed of on the 1st day of February, 1927, when plaintiff herein filed this suit, and is now still pending and undisposed of in this court. That in said cause No. 5253, this defendant shows that the accident complained of by H. R. May and made the predicate of his claim before the Industrial Accident Board, No. L–22990, happened and occurred in Potter county, Tex., and that the amount involved is more than $1,000, which facts give this court jurisdiction thereof and was the proper court to which this defendant should have and did appeal from the ruling, judgment, and decree of said Industrial Accident Board, and this defendant in said cause prays that the final ruling, award, and decision of the Industrial Accident Board be set aside, declared null and void and of no force and effect, and that plaintiff take nothing against this defendant, and that this defendant be discharged, with its costs.

"That on January 27, 1927, defendant F. H. McGregor filed his motion to dismiss in cause No. 5253, which motion is here referred to and made a part hereof, and that on January 27, 1927, defendant F. H. McGregor, as attorney for himself and the defendant H. R. May, filed his motion to strike plaintiff's petition, as more fully appears from said motion filed in said cause No. 5253, which is here referred to and made a part hereof. That on the 19th day of February, A. D. 1927, the court entered an order and judgment overruling defendant's motion to strike and his motion to dismiss in said cause No. 5253, and further ordered that the clerk strike the name of Underhill Construction Company from his docket and from the court's docket in No. 5253 and substitute in lieu thereof the Ocean Accident & Guarantee Corporation, Limited, a corporation, which judgment of the court is here referred to and made a part hereof.

"That all of the matters and things in cause No. 5324 complained of by plaintiff in his original petition and his supplemental petition are issues in cause No. 5253 now pending before this court and that the plaintiffs H. R. May and F. H. McGregor had no right nor authority in law to file and prosecute this cause No. 5324

until and unless cause No. 5253 is first finally disposed of by this honorable court.

"Wherefore, premises considered, defendant prays your honor that plaintiffs' suit No. 5324 be abated and dismissed and that defendant do have and recover of and from plaintiffs all costs in this behalf expended, and duty bound will ever pray."

On hearing the plea in abatement in the district court of Potter county, on the 9th day of May, 1927, in cause No. 5324, this cause, the following proceedings in cause No. 5253, styled H. W. Underhill Construction Company v. H. R. May on the docket of the district court of Potter county, were introduced in evidence, to wit:

(1) Petition in cause No. 5253, inclosed in wrapper, indorsed H. W. Underhill Construction Company v. H. R. May, which petition is here set out in words as follows:

"State of Texas, County of Potter.

"In the Judicial Court of Texas, Potter County, Texas.

"To the Honorable Judge of Said Court:

"Now comes the Ocean Accident & Guarantee Corporation, Limited, hereinafter called plaintiff, and complaining of H. R. May and F. H. McGregor, hereinafter called defendants, and for such complaint would respectfully show the court:

"(1) That the plaintiff is a foreign corporation with a license and permit to do business in the state of Texas and that the defendants reside in Potter county, Tex., and service of citation may be had upon them in the said county.

"(2) Plaintiff would further show the court that the defendant H. R. May filed claim for compensation with the Industrial Accident Board of Texas against this plaintiff and that the said Industrial Accident Board heard said claim and on the 20th day of December, A. D. 1926, made and entered its final award, ruling, and decision in said claim, wherein and whereby the said Industrial Accident Board ordered that this plaintiff pay to the said defendant H. R. May the sum of $20 per week, beginning on the 13th day of August, 1926, and continue thereafter to pay him the said sum of $20 per week for a period not to exceed 401 weeks until and unless altered, modified, or terminated by a subsequent agreement between the parties in accordance with the terms and provisions of the Employers' Liability Law (Rev. St. 1925, arts. 8306–8309) and subject to the approval of the Industrial Accident Board, or until and unless altered, changed, modified, or terminated by subsequent order, award, judgment, or decree of the Industrial Accident Board, and the said Industrial Accident Board in said final award, ruling, and decision, ordered this plaintiff to pay out of said sum awarded to the defendant H. R. May to F. H. McGregor, the attorney for the defendant H. R. May, a sum equal to 15 per cent. on the unpaid portion of the first $1,000 and 10 per cent. on all amounts in excess of said $1,000 to be paid out of weekly installments as they accrue and mature.

"(3) Plaintiff would further show that within 20 days after the making of award herein complained of this plaintiff gave notice in writ-ing to the Industrial Accident Board and to the defendants H. R. May and F. H. McGregor that it was not willing and did not consent to abide by the final award, ruling, and decision made and entered by the Industrial Accident Board in favor of the defendants herein, and that it would in the time prescribed by law and within 20 days after service of said notice on the Industrial Accident Board and these defendants file suit in some court of competent jurisdiction to set aside said final award, ruling, and decision, and have same declared null, void, and of no force and effect.

"(4) This plaintiff now brings this suit to set aside the final award, ruling, and decision made and entered by the Industrial Accident Board on the 20th day of December, A. D. 1926, in the claim of H. R. May, Employee, v. H. W. Underhill Construction Company, Employer, and the Ocean Accident & Guarantee Corporation, Insurer, and being numbered on the records of the Industrial Accident Board, L–22990, and the plaintiff now states that it is not willing and does not consent to abide by the said final award, ruling, and decision, and brings this suit to set same aside and have same declared null, void, and of no force and effect because said final award, ruling, and decision is unfair and unjust and is unsupported by the evidence presented in said claim before the Industrial Accident Board.

"(5) Plaintiff would respectfully show the court that the accident to the said H. R. May, made the predicate of this claim before the Industrial Accident Board, happened in Potter county, Tex., and that the amount involved is more than $1,000 and all of which facts give this court jurisdiction.

"Wherefore plaintiff prays that the defendants H. R. May and F. H. McGregor be cited to answer plaintiff's petition filed herein and after a hearing hereon that the plaintiff have judgment against the defendant, and that the final award, ruling, and decision of the Industrial Accident Board be set aside and declared null and void and of no force and effect, and that the defendants take nothing against this plaintiff, but the plaintiff be discharged herein and recover its costs in this behalf expended and for such further and other relief, general and special, in law and equity, to which it may show itself entitled and for all of which it will forever pray.

"[Signed]  Foster, Nix & Fullingim,
          "Robert Carswell,
          "Attorney for Plaintiff."

Indorsed:

"5253.  H. W. Underhill Const. Company v. H. R. May.  Filed Jan. 6, 1927.  J. C. Skillman, District Clerk, Potter Co., Tex."

(2) Original citation, bearing date January 8, 1927, issued out of the office of the district clerk of Potter county, in said cause No. 5253, commanding the sheriff or any constable of Potter county, Tex., to summon "H. R. May and F. H. McGregor then and there to answer plaintiff's petition filed in said court on the 6th day of January, 1927, in a certain suit No. 5253, wherein H. W. Underhill Construction Company is plaintiff and H. R. May and F. H. McGregor are defendants." The body of this citation sets out the cause of ac-

tion to be an appeal from a judgment of the Accident Board in favor of the defendants May and McGregor, and says:

"That within 20 days after the making of award herein the plaintiff gave notice in writing to the Industrial Accident Board and to the defendants H. R. May and F. H. McGregor that it was not willing and did not consent to abide by its final award, ruling, and decision, and that it would, within the time prescribed by law, file suit in some court of competent jurisdiction to set aside final award, ruling, and decision, and plaintiff brings this suit accordingly in the claim of H. R. May, employee, against H. W. Underhill Construction Company, employer, and the Ocean Accident & Guarantee Corporation, insurer, and this plaintiff now states that it is not willing and does not consent to abide by the said final award, ruling, and decision and brings this suit to set same aside and have same declared null and void.

"Plaintiff prays that the defendants be cited to answer plaintiff's petition, and, after hearing hereon, that the plaintiff have judgment against the defendants, and that the final award, ruling, and decision of the Industrial Accident Board be set aside and declared null and void, and that defendants take nothing against this plaintiff, and that plaintiff recover its costs herein expended, and for such further and other relief to which it may show itself entitled, etc."

(3) Sworn motion of defendant in cause No. 5253 to strike the instrument above designated as "Petition":

"H. W. Underhill Construction Company, Plaintiff, v. H. R. May and F. H. McGregor. No. 5253.

"In the District Court of Potter County, Texas.

"To the Honorable District Court of Potter County, Texas:

"Now come H. R. May and F. H. McGregor, defendants in the above styled and numbered cause, now pending in this court, and respectfully represent and show to the court, as follows:

"(1) That on January 11, 1927, these defendants were each served with a citation in the case of H. W. Underhill Construction Company, plaintiff, against these defendants, being case No. 5253 on the docket of this court and now pending herein; that one copy of said citation is filed herewith as a part hereof and marked Exhibit A; that in some manner, unknown to these defendants, there has been placed in the files of this case a paper or instrument, an exact copy of which is as follows, viz.: * * * (Petition copied above.)

"(3) These defendants further allege: That it will appear from an inspection of the above-described paper that it is not addressed to this court, nor entitled therein, nor is it addressed to any other court; that the name of this court nowhere appears in said paper; that it bears no indorsement showing what kind of a paper it is or was intended to be; that it bears no indorsement showing that it is or was intended as a pleading of any kind in the name or on behalf of the Ocean Accident & Guarantee Corporation, Limited, or any other person or corporation; that it does not on its face say that it is

a petition; that the word 'petition' appears but once in said paper and then in the following connection, viz.: 'Wherefore plaintiff prays that the defendants H. R. May and F. H. McGregor be cited to answer plaintiff's petition filed herein'—which statement or prayer, defendants allege, shows that the paper itself was not intended as a petition, but refers to another paper as being a petition. That the above-described paper consists of three typewritten pages and is attached to a cover or wrapper by a gem clip only; that it is not bound in said wrapper by being riveted thereto; that the said paper can be easily detached from said cover without either of them showing any evidence thereof and without showing that they had previously been attached; that the said cover shows that there have never been any rivets through it and any other paper that may have been previously attached to said cover could have been detached therefrom without said cover showing any evidence of such fact; that the only indorsements and writing are the following, viz.:

"'5253. H. W. Underhill Const. Company v. H. R. May. Filed Jan. 6, 1927. J. C. Skillman, District Clerk, Potter Co., Tex.'

"(4) These defendants further represent and allege that the dockets and records of this court will show, and these defendants allege the fact to be, that H. W. Underhill Construction Company is the sole and only plaintiff in case No. 5253, now pending in this court, and that these defendants are the only defendants in said case; that the dockets and records of this court show that there is no case pending in this court in which the Ocean Accident & Guarantee Corporation, Limited, is plaintiff, or a party plaintiff, and these defendants are defendants.

"(5) These defendants further allege and represent that the above-described paper in the name of the Ocean Accident & Guarantee Corporation, Limited, is of no legal force and effect; that it is merely a fleeting paper and not a part of the record and files in this case, nor a part of the records of this court.

"Wherefore, premises considered, these defendants move the court to strike the above-described paper from the files and records of this case and from the files and records of this court, and that the defendants may have such other orders and judgments that may seem right and proper. And in duty bound they will ever pray. * * *

"F. H. McGregor,
"Attorney for the Defendants."

Indorsed:

"No. 5253. H. W. Underhill Construction Co. v. H. R. May et al. In the District Court of Potter County, Texas, Defendant's Motion to Strike. Filed Jan. 27, 1927. J. C. Skillman, District Clerk, Potter Co., Tex."

(4) Defendant also introduced in evidence motion of defendant, in cause No. 5253, to dismiss, which is as follows:

"H. W. Underhill Construction Company v. H. R. May and F. H. McGregor. No. 5253.

"In the District Court of Potter County, Texas.

"To the Honorable District Court of Potter County, Texas:

"Now come the defendants H. R. May and F. H. McGregor and respectfully represent and

show to the court that there is not in the files of this case any petition or other pleading on behalf of H. W. Underhill Construction Company; that there is not in the files of this case or in the records of this court any pleading in the name of the H. W. Underhill Construction Company, claiming any right of action or relief against these defendants, or to which these defendants can make answer.

"Wherefore, premises considered, these defendants pray the court to dismiss this case, and that they may go hence without day and recover their costs in this behalf expended, and that the defendants may have such other relief, general or special, to which they may show themselves entitled.

"F. H. McGregor,
"Attorney for the Defendants."

(5) Motion of defendant, in cause No. 5253, to quash citation, which was made on the following grounds:

"First. Because the said citation does not name the plaintiff in this case. The citation gives the name of the plaintiff as 'Ocean Accident & Guarantee Corporation, a corporation,' whereas, the complaint on file herein gives the name of the plaintiff as 'Ocean Accident & Guarantee Corporation, Limited,' and the indorsement on the back of said citation gives the name of the plaintiff as 'Ocean Guarantee & Accident Co.' "

(6)

"The defendant next introduced in evidence the precept to serve interrogatories in cause No. 5253, filed February 1, 1927, by J. C. Skillman, clerk of the district court, Potter county, Tex., commanding the sheriff or any constable of Potter county, Tex., to serve Hugh R. May or F. H. McGregor in cause No. 5253, Underhill Construction Company, Ocean Accident & Guaranty Co., v. Hugh R. May, or F. H. McGregor, Attorney of Record, with certified copy of notice to take the oral deposition of H. R. May, who resides in the county of Potter, state of Texas. Issued by said Skillman the 28th day of January, 1927. * * *"

Indorsed:

"No. 5253. Underhill Const. Co. v. Hugh R. May. Precept to Serve Interrogatories. Issued 28 day of Jan. 1927, J. C. Skillman. Filed Feb. 1, 1927, J. C. Skillman, District Clerk, Potter Co. Tex."

(7) Minutes of the court in cause No. 5324:

"It is ordered by the court that the following styled and numbered cause be, and the same are, each, hereby transferred to the nonjury docket for trial, to wit: '(And among a great many other cases covered by said order is the following): H. R. May et al. v. Ocean Accident & Guar. Co., No. 5324.' * * *
"(Said order dated on the court's docket 2/4/27)."

(8) Admission of attorneys for defendant in this cause that the case was formerly docketed under the name of H. W. Underhill Construction Company v. H. R. May, and that the Ocean Accident & Guarantee Corporation, Limited, was substituted, in its place, Allease

Skillman, deputy district clerk, testifies that she does not know under what conditions and by what authority it was changed; that she does not know whether it was done under the orders of court or not.

Also various orders taken in cause 5253 not necessary to be set out here.

The questions raised by appellants' assignments and propositions will not be discussed in the order presented, and it will not be necessary to consider all of the 30 propositions presented, but we will consider only such propositions as we deem necessary to a disposition of the case.

We will discuss the following questions in connection one with the other:

First. Where the Workmen's Compensation Act specifically provides that a suit to set aside a final ruling and decision of the Industrial Accident Board rendered against the insurer must be brought by the insurer, and not by the employer, a suit for such purpose instituted by or in the name of the employer is a nullity, and the court in which such suit is instituted does not thereby acquire jurisdiction to set aside an award of the Industrial Accident Board, not made against such party filing the suit.

Second. The compensation law providing that the final ruling of the Accident Board shall become binding on all parties thereto unless suit to set it aside is both instituted and prosecuted within 20 days after the giving of notice of intention to bring suit, the bringing of suit alone does not confer jurisdiction, but citation must also be issued within the 20-day period.

Third. The bringing of a suit by a party having no right of action does not inure to the benefit of the one having the right, and, even where the party having the right of action is introduced in the case, it is the bringing of a new suit as to him and the statute of limitation runs to the time of such party's introduction into the case.

Fourth. Where a suit brought under special statutory authority is pleaded in abatement or in bar of another suit, it must appear affirmatively that the requisite jurisdictional facts exist.

Fifth. It is error to give a peremptory instruction where there are issues of fact.

It will appear from the above statement of the evidence that the Ocean Accident & Guarantee Corporation, Limited, gave notice that within 20 days after the Accident Board made its award herein it would not abide the award, but that it would bring suit, in 20 days from that time, to set aside such award. It further appears that a suit was filed in the district court of Potter county, numbered 5253, which was styled on the docket of said court, H. W. Underhill Construction Company v. H. R. May; that citation was issued in said cause under said style and number, in which the defendants H. R. May and F. H. McGregor were cited to appear and answer a

suit filed by Underhill Construction Company against them, which was duly served upon the defendants May and McGregor; that no other citation was issued and served upon the defendants until after the filing of the motion to strike and dismiss, made by said defendants; that the motion to strike from the files the instrument inclosed in the wrapper, indorsed H. W. Underhill Construction Company v. H. R. May, which appears to be a petition of the Ocean Accident & Guarantee Corporation, Limited, against H. R. May and F. H. McGregor, as defendants, was filed in said cause No. 5253 on the 27th day of January, 1927, several days after the expiration of the 20 days required for the filing of said suit; that all of the evidence introduced before the court, in the hearing on the motion to strike in this cause No. 5253, was the docket of the clerk of said court in cause No. 5253, the court's docket in said cause, and the original citation issued in said cause No. 5253.

This evidence being all the evidence introduced on the hearing of the defendants' motion to strike and dismiss in said cause No. 5253, the trial judge in said cause entered his order overruling both motions, and, at the same time, overruled a motion of the Ocean Accident & Guarantee Corporation, Limited, to redocket the cause, and ordered the clerk of his court to strike the name of Underhill Construction Company from his docket and from the court's docket in cause No. 5253, and to substitute, in lieu thereof, as plaintiff, the Ocean Accident & Guarantee Corporation, Limited; also dismissing Underhill Construction Company as plaintiff in said cause No. 5253.

The motion to strike filed in cause No. 5253 was leveled at the instrument identified by its terms as the petition of Ocean Accident & Guarantee Corporation, Limited, against H. R. May and F. H. McGregor, as defendants. The grounds of the motion are fully set out above, the so-called petition is described therein, and also in plaintiffs' bill of exception No. 1 in this cause, which last description is as follows:

"(1) There is no indorsement on said paper showing that it is the petition of the Ocean Accident & Guarantee Corporation. (2) The paper itself is not addressed to nor entitled in this nor any other court. (3) Such paper does not bear any indorsement or file mark showing that it was ever filed in suit No. 5253. (4) Such paper is temporarily attached to a wrapper which bears the indorsement 'H. W. Underhill Const. Company v. H. R. May, Filed Jan. 6, 1927, J. O. Skillman, District Clerk, Potter County, Texas,' which shows that such paper was not originally attached to such wrapper and was not filed in suit No. 5253. (5) The said defendant did not become a party to suit No. 5253 until after the institution of this suit. (6) Because the said paper is immaterial and irrelevant to any issue in this case."

This bill of exception is duly approved by the trial judge and the statement of facts

contained therein is authority for our holding in harmony therewith.

There is nothing in the record introduced in evidence, from first to last, to show that the so-called petition was ever filed in the district court. It was inclosed in a loose wrapper and held in said wrapper only by a gem clasp or clip.

[1] It is a presumption of law that the clerk did his duty in filing the paper that was inclosed in the wrapper which was indorsed "H. W. Underhill Construction Company v. H. R. May." There was nothing on the wrapper to indicate its contents. The presumption, then, being that the clerk has performed his official duty, and this presumption not having been overcome by explanatory evidence, we must presume that the clerk did his official duty when he issued the citation in the case of H. W. Underhill Construction Company v. May, in which citation the defendants were called on to answer the suit of the Underhill Construction Company, and that there was on file a petition by the Underhill Construction Company v. H. R. May, upon which such citation was issued. This being true, the petition of the Ocean Accident & Guarantee Corporation, Limited, inclosed in said loose wrapper, was never filed within the 20 days required by the statute. We are furnished no explanation necessary for us to say that the presumption of duty performed has been overcome. Who prepared the petition? Who presented it for filing to the clerk? When was it presented to him for filing? These questions have not been anticipated and answered by the defendant in this cause, in support of its motion to abate the present suit. Two opportunities have been offered it to explain how this petition got into the clerk's file and no advantage taken of such opportunities.

[2] The presumption is that public officers do as the law and their duty require them. Abee v. Bargas, 45 Tex. Civ. App. 243, 100 S. W. 191–193; Olcott v. Gabert, 86 Tex. 121, 23 S. W. 985. All official acts of public officers are presumed to have been done at the time and in a manner required by law. Shepard v. Avery, 89 Tex. 301–306, 34 S. W. 440.

[3, 4] The defendant in this cause, claiming that it had filed its petition in cause No. 5253, had on it the burden of showing that such petition was filed in 20 days from the date of the receipt by plaintiffs of such notice. This it failed to do. The burden of proving who prepared the petition, that such petition was actually presented to the clerk for filing, and, when the same was presented to the clerk, were all matters that rested in the knowledge of defendant, and its failure to prove same leads to the rational and legal presumption that the facts to be disclosed by such evidence would be against its contention. Mitchell v. Napier, 22 Tex. 120; Pullman Palace Car Co. v. Nelson, 22 Tex. Civ. App. 223, 54 S. W. 624; Bailey v. Hicks, 16 Tex. 222;

Thompson v. Shannon, 9 Tex. 536; Chandler v. Meckling, 22 Tex. 36–44; Mutual Life Ins. Co. v. Tillman, 84 Tex. 31–35, 19 S. W. 294.

[5-7] The failure to file its petition under the conditions recited above, within the 20 days, deprived the trial court of any jurisdiction to consider, as pending, the suit No. 5253, in abatement of the present suit. The bringing of the suit 5253 within the 20 days was a statutory requirement, and must have been complied with. The trial court was not authorized to substitute the Ocean Accident & Guarantee Corporation, Limited, as plaintiff upon the proof offered, and after the expiration of the 20 days. The trial court was not exercising its general jurisdiction and could not bind the defendants in cause 5253 by such order. Said court was not entitled, as in ordinary litigation when exercising its general jurisdiction, to inquire into the equities between the parties, but it is expressly required that the statute must have been strictly complied with. Mingus v. Wadley, 115 Tex. 551–558, 285 S. W. 1084–1087; Texas Employers' Ins. Ass'n v. Nelson (Tex. Civ. App.) 292 S. W. 651; Oilmen's Reciprocal Ins. Ass'n v. Franklin, 116 Tex. 59, 286 S. W. 195.

[8] The matters involved in the plea in abatement having been submitted to a jury, the action of the trial court in giving the jury a peremptory instruction to return a verdict for the defendant in this case was fundamental error. Egan v. Lockney Farmers' Co-op. Soc. (Tex. Com. App.) 284 S. W. 937. This is true even if the evidence, instead of failing to show a compliance with the statutory requirements, rendering the proceedings in cause 5253 void, had presented the issues of fact in such form as would have constituted a legal defense.

For the reasons above stated, the trial court's judgment is reversed, and judgment is here rendered, overruling the plea in abatement, and the case is reversed and remanded to the trial court for a trial on its merits.